# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JANUARY 1998 SESSION

FILED

January 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **MELVIN CURRIE,** | ) | |
| | ) | **NO. 02C01-9701-CC-00047** |
| Appellant, | ) | |
| | ) | **HAYWOOD COUNTY** |
| **VS.** | ) | |
| | ) | **HON. DICK JERMAN, JR.,** |
| **STATE OF TENNESSEE,** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**TOM W. CRIDER**
District Public Defender

**JOYCE DIANE STOOTS**
Assistant Public Defender
107 South Court Square
Trenton, TN 38382-1866

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KENNETH W. RUCKER**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**CLAYBURN L. PEEPLES**
District Attorney General

**LARRY HARDISTER**
Assistant District Attorney General
110 College Street, Suite 200
Trenton, TN 38382-1841

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

## OPINION

The petitioner, Melvin Currie, appeals the order of the Circuit Court of Haywood County dismissing his petition for post-conviction relief. Petitioner pled guilty in 1991 to the sale of cocaine and received a sentence of six (6) years with all time suspended except for time served. In his post-conviction petition, he alleges that: (1) his guilty plea was not knowing and voluntary; (2) he received an illegal sentence; and (3) trial counsel was ineffective. Furthermore, he contends that his guilty plea should be set aside because there was no factual basis to support the plea. We find no error; therefore, the judgment of the trial court is affirmed.

## PROCEDURAL BACKGROUND

Two years subsequent to the entry of his guilty plea to the sale of cocaine, petitioner filed a *pro se* petition for writ of habeas corpus, which was summarily dismissed by the trial court without an evidentiary hearing. This Court reversed that decision, finding that: (1) the trial court erred in dismissing the petition without appointing counsel and conducting an evidentiary hearing; and (2) the petition should have been treated as one for post-conviction relief. Melvin Currie v. State, C.C.A. No. 02C01-9501-CC-00020, Haywood County (Tenn. Crim. App. filed September 13, 1995, at Jackson). The case was remanded to the trial court.

Subsequently, the trial court issued an order appointing counsel, and petitioner filed a petition for post-conviction relief. After a hearing on the petition was conducted, the trial court dismissed the petition. Petitioner now brings this appeal.

## FACTUAL BACKGROUND

The subject guilty plea arose from a five (5) count indictment charging petitioner with: (1) illegal sale of a counterfeit controlled substance in Count One;

(2) possession with the intent to sell or deliver cocaine in Count Two; (3) sale of cocaine in Count Three; (4) delivery of cocaine in Count Four; and (5) simple possession of cocaine in Count Five.[1]

Petitioner agreed to enter a guilty plea to one count of the sale of cocaine in exchange for the dismissal of the remaining charges. During the guilty plea proceedings, defense counsel stated, "[s]ubject to your Honor's approval Mr. Currie and the State have agreed that upon his plea of guilty to <u>one count</u> of sale of a Schedule II controlled substance, to-wit, cocaine, that he will receive a six year sentence suspended with time served." (emphasis added). At no time during the proceedings did anyone specify that the plea was to any specific count number of the indictment.

The written plea of guilty and waiver of jury trial form listed the offense as one (1) count of selling a Schedule II controlled substance. This document similarly did not enumerate the corresponding count number on the indictment.

However, the judgment entered by the trial court indicated that petitioner was convicted on Count One of the indictment, even though the document named the offense as the sale of cocaine. The indicted charge in Count One was the sale of a counterfeit controlled substance, not the sale of cocaine. In other words, the judgment erroneously specified that petitioner was convicted on Count One of the indictment, when, in fact, he pled guilty to Count Three.

Petitioner seeks post-conviction relief claiming that there is no factual basis for a conviction of the sale of cocaine under Count One of the indictment because the substance sold under Count One was not cocaine. At the hearing on the petition, the trial court found that petitioner knowingly and voluntarily entered a plea of guilty to the sale of cocaine and accepted a six (6) year sentence with all time suspended except for time served. The trial court determined that the entry of "Count One" on the judgment form was merely a clerical error in that "[t]here [was] no question in anybody's mind, including Mr. Currie's, that he pled guilty to Count Three." The court then ordered that the judgment be amended to reflect the proper

---

[1] This count was eventually dismissed as it was barred by the statute of limitations.

count.

## CLERICAL ERROR

Initially, we must agree with the trial court that this entire matter arose out of a mere technicality. Although the judgment does state that petitioner was convicted on Count One of the indictment, the transcript unquestionably shows that petitioner pled guilty to the sale of cocaine. When there is a conflict between the court minutes or judgment and the transcript, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); State v. Davis, 706 S.W.2d 96, 97 (Tenn. Crim. App. 1985). Therefore, we conclude that petitioner pled guilty to Count Three of the indictment, which charged the sale of cocaine. The trial court properly ordered the modification of the judgment to correct this clerical error. Clerical errors may be corrected at any time. See Tenn. R. Crim. P. 36.

## VOLUNTARINESS OF GUILTY PLEA

Petitioner claims that his plea of guilty was involuntarily and unknowingly entered because he did not know that his plea of guilty was not supported by any facts. To the contrary, attached as an exhibit to the post-conviction hearing is a lab report which identifies 21.1 grams of white powder as cocaine, which was collected in connection with the case against petitioner.[2]

Furthermore, the trial court found that petitioner's guilty plea to the sale of cocaine was knowingly and voluntarily entered. The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. Butler v. State, 789 S.W.2d 898, 899-900 (Tenn. 1990);

---

[2] Another lab report was also made an exhibit at the hearing which stated that a bag of 13.4 grams of white powder did not contain any controlled substances. It is this report which petitioner refers to as being determinative of his claim that no evidence exists to support the conviction for the sale of cocaine. However, we must conclude that this report is the basis for the initial charge of sale of a counterfeit controlled substance as alleged in Count One of the indictment.

4

Adkins v. State, 911 S.W.2d 334, 354 (Tenn. Crim. App. 1995). The burden of establishing that the evidence preponderates otherwise is on petitioner. Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). Petitioner has failed to meet this burden.

This issue is without merit.

## ILLEGAL SENTENCE

Petitioner further asserts that his sentence of six (6) years is illegal because it falls outside the range of punishment for the sale of a counterfeit controlled substance. However, as previously discussed, petitioner pled guilty to the sale of cocaine, not the sale of a counterfeit controlled substance. At the time the offense was committed, the range of punishment for the sale of cocaine was four (4) to ten (10) years. Tenn. Code Ann. § 39-6-417(a)(1)(B)(i) (Supp. 1988). Therefore, because the imposed sentence of six (6) years is within the prescribed range, petitioner's sentence is not illegal.

This issue is without merit.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Finally, petitioner claims that trial counsel was ineffective in that he did not ascertain whether there was a factual basis to support the guilty plea. He maintains that he pled guilty in reliance on his attorney's erroneous advice. He also insists that he received ineffective representation in that his attorney allowed him to receive an illegal sentence.

This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant. Strickland v.

5

Washington, 466 U.S. at 687, 104 S.Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

In Hill v. Lockhart, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985), the Supreme Court applied the two-part Strickland standard to ineffective assistance of counsel claims arising out of a guilty plea. The Court in Hill modified the prejudice requirement by requiring a defendant to show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. 474 U.S. at 59, 106 S.Ct. at 370.

During petitioner's testimony at the post-conviction hearing, the following exchange took place:

> Q.  Would you have pled guilty to Count Three that day which is a sale of crack cocaine -- a sale of cocaine if you had been advised that Count One was a counterfeit substance?
>
> A.  I probably would have.

Therefore, even if petitioner's allegations were true,[3] he is not entitled to relief. Because petitioner would have pled guilty anyway, he cannot prove prejudice. Thus, his ineffective assistance of counsel claim must fail.

This issue is without merit.

## CONCLUSION

Based upon the foregoing, the judgment of the trial court is affirmed.

---

[3] We do not, however, concede that petitioner's allegations are true. As previously discussed, petitioner entered a knowing and voluntary guilty plea to the sale of cocaine and received a sentence within the range permitted by the statute. Furthermore, petitioner has not established that trial counsel's performance was inadequate or deficient.

_____

**JOE G. RILEY, JUDGE**


**CONCUR:**



_____

**JOE B. JONES, PRESIDING JUDGE**



_____

**PAUL G. SUMMERS, JUDGE**