# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### OCTOBER 1998 SESSION

FILED

December 30, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

|  |  |  |
|---|---|---|
| KEVIN LAVELL ABSTON, | ) | |
| | ) | C.C.A. NO. 02C01-9807-CR-00212 |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. JOSEPH B. BROWN, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

FOR THE APPELLANT:                    FOR THE APPELLEE:


**KEVIN LAVELL ABSTON, Pro Se**          **JOHN KNOX WALKUP**
Lauderdale Co. Correctional Complex      Attorney General & Reporter
Site #1
P.O. Box 1000                           **DOUGLAS D. HIMES**
Henning, TN 38041-1000                  Asst. Attorney General
                                        425 Fifth Ave., North
                                        Nashville, TN 37243-0493

                                        **WILLIAM L. GIBBONS**
                                        District Attorney General

                                        **JOHNNY R. McFARLAND**
                                        Asst. District Attorney General
                                        201 Poplar Ave., Suite 301
                                        Memphis, TN 38103-1947


OPINION FILED:_____


**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**


**JOHN H. PEAY,**
Judge

**O P I N I O N**

On November 17, 1989, the petitioner pled guilty to sixteen counts of robbery with the use of a deadly weapon and was sentenced to fifty years in prison. The petitioner did not directly appeal these convictions. However, on June 1, 1998, the petitioner filed sixteen pro se petitions for post-conviction relief alleging that his convictions were illegal, that his sentence was illegal, that the petitioner was denied the effective assistance of counsel, and that his guilty pleas were not knowing and voluntary. On June 26, 1998, the post-conviction court dismissed the petitions on the ground that they were barred by the applicable statute of limitations. The petitioner now appeals and argues that the post-conviction court erred when it dismissed his petitions for post-conviction relief.

When the petitioner pled guilty on November 17, 1989, a three-year statute of limitations was in effect regarding post-conviction petitions. T.C.A. § 40-30-102 (repealed 1995). This statute of limitations began to run when the judgments against the petitioner became final in December of 1989. See State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). As the petitioner's post-conviction petitions were filed after December 1992, the three-year statute of limitations had expired. Although there are exceptions to the statute of limitations, the defendant has alleged nothing that would bring his petition within those limited circumstances entitling him to relief. See T.C.A. § 40-30-202(b).

Although the grounds alleged in the post-conviction petitions do not fall under any of the statutory exceptions to the applicable statute of limitations, the petitioner contends that the statute of limitations does not apply in this case because his

convictions and sentences are illegal and therefore void. We agree that the statute of limitations does not bar the petitioner's claim that his sentences are illegal. See State v. Mahler, 735 S.W.2d 226, 228 (Tenn. 1987)(noting that generally, an illegal judgment may be noticed at any time, even after it becomes final). The statute of limitations, however, does bar the petitioner's contentions that his convictions are illegal,[1] that he received ineffective assistance of counsel, and that his guilty pleas were unknowing and involuntary.

After a review of the record, it appears that the petitioner's sentences may be illegal in that they exceeded the allowable sentence for a Range I standard offender under the old sentencing guidelines and all ranges under the Criminal Sentencing Reform Act of 1989.[2] However, from the record it is impossible to make a clear determination as to whether the sentences are illegal because there is only one judgment form included in the record and it appears to have been used for all sixteen of the petitioner's convictions. This judgment form fails to indicate if the fifty-year sentence imposed on the petitioner is a total of several consecutive sentences or if it is one term imposed on all counts to run concurrently.[3]

In light of the foregoing, we remand this cause so that an attorney can be appointed for the petitioner and a hearing can be held to determine if the petitioner's

---

[1] We note that the petitioner does not allege any grounds to justify a finding of an illegal conviction other than the grounds used to argue that his sentence was illegal. As the record is also devoid of any evidence that might support a finding that his conviction was illegal, this contention is without merit even if not barred by the statute of limitations.

[2] Under the sentencing guidelines in effect before November 1, 1989, a Range I standard offender could be sentenced to ten to thirty-five years for robbery by the use of a deadly weapon. See T.C.A. § 40-35-109 (1982); T.C.A. § 39-2-501(1982). Under the Criminal Sentencing Reform Act of 1989, robbery by use of a deadly weapon was characterized as a Class B felony and a Range I standard offender convicted of a Class B felony could only be sentenced to eight to twelve years. See T.C.A. § 40-35-118 (1989); T.C.A. § 40-35-112(a)(2) (1989).

[3] Although the judgment form is silent on this issue, the plea agreement indicates that the sentences are concurrent.

sentences are indeed illegal.  If the sentences are found to be illegal, they should be set aside and a hearing held to determine if the defendant is entitled to withdraw his guilty pleas.  See State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978).

Accordingly, the dismissal of the petitioner's petitions for post-conviction relief is affirmed in part, reversed in part, and remanded for a hearing to determine the legality of the petitioner's sentences.

_____
JOHN H. PEAY, Judge

CONCUR:

_____
DAVID G. HAYES, Judge

_____
L. T. LAFFERTY, Senior Judge