**STATE of Tennessee, Appellant,**

v.

**William P. MOORE, Jr., Appellee.**

Court of Criminal Appeals of Tennessee, at Nashville.

March 28, 1991.

Permission to Appeal Denied by Supreme Court July 1, 1991.

Dale M. Quillen, Nashville, for appellant.

Charles W. Burson, Atty. Gen. and Kimbra R. Spann, Sp. Asst. Atty. Gen., Victor S. Johnson, III, Dist. Atty. Gen. and Cheryl Blackburn, Asst. Dist. Atty. Gen., Nashville, for appellee.

## OPINION

TIPTON, Judge.

The defendant, William P. Moore, Jr., appeals as of right from an order entered by the Criminal Court for Davidson County requiring him to pay restitution in the amount of twelve thousand dollars. The order resulted from his conviction for concealing stolen property over two hundred dollars in value for which he was granted three years probation after serving sixteen days of continuous confinement. He complains that the trial court was without jurisdiction to order the payment of restitution since the hearing on the amount of restitution occurred and the order, itself, was entered more than thirty days after entry of the judgment in this case. Also, he asserts that the procedure to impose restitution was not followed since the probation order did not make restitution a condition and the trial court did not order documentation regarding the amount to be included in the presentence report.

The record on appeal, in pertinent part, shows as follows:

October 19, 1989—

Minute Book entry showing that, upon a plea of guilty, the trial court found the defendant guilty with the judgment "stayed until December 8, 1989 at 2:00 P.M."

December 8, 1989—

Minute Book entry reflecting "judgment follows."

—Judgment entered imposing sentence of sixteen days confinement until December 24, 1989, and three years probation. [Various parts of the judgment form, including for restitution, are left blank.]

—Probation Order entered setting conditions of probation including any "special conditions imposed by the Court and listed below." [Restitution not listed or otherwise mentioned.]

January 26, 1990—

Minute Book entry showing hearing on amount of restitution and defendant ordered to pay restitution in the amount of twelve thousand dollars at the rate of four thousand dollars per year.

—Transcript titled "Sentencing Hearing."

The January hearing transcript reflects that the defendant objected to the trial court's proceeding on the issue of restitution since more than thirty days had passed since the entry of the judgment and, therefore, the court was without jurisdiction. The trial court stated that, at the December hearing, it had set the new hearing to determine what amount of restitution could be attributed to the defendant (the presentence report stated that the victim said his loss was over one hundred seventy-five thousand dollars). It noted that, without objection, it was agreed among the parties and the court that the January hearing was for that purpose. The defendant did not deny this statement by the court. In proceeding with the January hearing, the trial court held that the defendant's previous failure to object to the present hearing was, in effect, a waiver. The state, likewise, claims that the defendant's failure in December to object to the January hearing bars his later complaint.

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or specified post-trial motion is filed. T.R.A.P. 4(a) and (c). Once the judgment is final, the trial court generally loses jurisdiction to amend it. *Ray v. State*, 576 S.W.2d 598, 602 (Tenn.Crim.App.1978);

*State v. Bouchard,* 563 S.W.2d 561, 563–564 (Tenn.Crim.App.1977). Likewise, jurisdiction to modify a final judgment cannot be grounded upon waiver or agreement by the parties. In *State v. Hamlin,* 655 S.W.2d 200 (Tenn.Crim.App.1983), this Court held that the fact that the trial court proceeded (apparently without objection by the state) to hold a probation hearing and to grant partial suspensions of sentences at a time when the judgments were final did not render the trial court's actions valid, since it was without jurisdiction to act.

■ Obviously, a sentencing order, including one involving probation, is a judgment which becomes final after thirty days in the same manner as other judgments in criminal cases. *See* T.C.A. §§ 40–35–401(a) and –402(a); T.R.A.P. 3(b) and 4(a). Although under present law there are many instances in which the trial court maintains jurisdiction over the defendant and his sentence, relative to its length and manner of service, such jurisdiction is limited to that authorized by statute or rule. *See, e.g.,* Tenn.R.Crim.P. 35; T.C.A. §§ 40–35–212(c) and (d), –306 through –316, and –319. However, a reading of these various laws and rule indicates that the only jurisdiction to amend a sentence in a manner more onerous than that initially imposed stems from probation violations, T.C.A. §§ 40–35–308(b), –310 and –311, violations of jail or workhouse rules, T.C.A. § 40–35–314(d), or community corrections program modifications or violations, T.C.A. § 40–36–106(e)(2) and (3). None of these circumstances apply in this case.

■ Further, T.C.A. § 40–35–304 provides that restitution, as a condition of probation, shall be specified at the time of the sentencing hearing which, likewise, is the time at which probation, if at all, shall be granted. T.C.A. § 40–35–303(e). Thus, if a trial court orders probation and, through oversight or otherwise, omits restitution as a condition, its authority to modify the conditions to include restitution ends upon such order becoming final.

■ However, if a trial court, in fact, ordered restitution as a condition of probation, but the judgment or probation order failed to reflect such a condition, then the trial court maintains the power to modify such judgment or order because of an "oversight or omission" subject to correction by the trial court pursuant to Tenn. R.Crim.P. 36. As a practical matter, such a circumstance would normally be proven by comparing the judgment or minutes of the court with the transcript of the trial court's oral statements. In such regard, when there is a conflict between the court minutes and the transcript of the proceeding, the transcript controls. *See State v. Zyla,* 628 S.W.2d 39, 42 (Tenn.Crim.App. 1981); *Farmer v. State,* 574 S.W.2d 49, 50 (Tenn.Crim.App.1978).

In this case, the record does not include a transcript of the December 8 hearing. Neither the state nor the defendant have sought to supplement the record as they have a right to do. T.R.A.P. 24(e) and (g). Although the duty falls upon an appellant to prepare the transcript necessary to convey a fair, accurate and complete account of what transpired relative to the issues on appeal, T.R.A.P. 24(b), given the way this issue has been framed by the defendant, the state and the trial court, it appears that the defendant may have met his burden with regard to the record.

In any event, the trial court's statement as to the events clearly shows that restitution was required by the trial court in the December sentencing and that the later hearing was solely for the purpose of determining its amount. The defendant's failure to disagree with the trial court's recitation of what occurred at the sentencing hearing is telling. Since the judgment and probation order fail to address the issue of restitution, this case should be remanded for the purpose of allowing the trial judge to correct such orders pursuant to Tenn.R.Crim.P. 36.

■ Further, the defendant's complaints as to the trial court failing to follow the statutory procedures for the imposition of restitution do not require a reversal. Under T.C.A. § 40–35–304, relative to restitution being a condition for probation, the trial court is to order documentation regarding the nature and amount of the loss

in the pre-sentence report if the court believes that restitution may be proper. In this case, the trial court stated that the report contained the victim's statement of his loss, but it did not specify what could be attributed to the defendant. Likewise, the trial court noted that its request for such documentation occurred at the December 8 hearing. Obviously, the January hearing was specifically held to give the defendant full consideration under the law regarding restitution. Thus, any technical lack of compliance with T.C.A. § 40-35-304 did not harm the defendant. This issue is without merit.

The order setting the amount of restitution is affirmed, but the case is remanded to the trial court for the purpose of allowing it to correct the judgment and probation order regarding restitution.

SCOTT and JONES, JJ., concur.