IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
APRIL 2000 SESSION

**STATE OF TENNESSEE v. STEPHEN RAY STAMPS**

**Direct Appeal from the Circuit Court for Henry County**
**No. 11870     C. Creed McGinley, Judge**

---

**No. W1999-01716-CCA-R3-CD - Decided May 4, 2000**

---

Approximately six years after the Defendant was sentenced to a twelve-year term in the Department of Correction for the offense of rape, he filed a motion in the trial court asking the court to amend the judgment to allow him certain pre-trial jail credit. The trial judge overruled the motion and the Defendant has appealed to this Court. We affirm the decision of the trial court.

**T. R. A. P. 3 Appeal as of Right; Judgment of the Trial Court Affirmed.**

JUDGE DAVID H. WELLES delivered the opinion of the court, in which JUDGE DAVID G. HAYES and JUDGE ALAN E. GLENN joined.

Stephen Ray Stamps, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter, Mark E. Davidson, Assistant Attorney General, Robert "Gus" Radford, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 22, 1992, following a jury trial, the Defendant was convicted of rape. On August 31, 1992, following a sentencing hearing, he was sentenced to twelve years in the Tennessee Department of Correction. On appeal, this Court affirmed his conviction, and our supreme court denied his application for permission to appeal on July 18, 1994. See State v. Stephen Ray Stamps, No. 02C01-9301-CC-00002, 1994 WL 59451 (Tenn. Crim. App., Jackson, Mar. 2, 1994).

On November 30, 1998, the Defendant filed a motion requesting that the trial court amend the judgment to reflect credit on his sentence for five days served in jail in Texas after he waived extradition on these charges and prior to being returned to Henry County, Tennessee. He also requested credit on his sentence for the approximately ninety days that he was released on a pre-trial "restricted bond." The trial court overruled his motion. It is from the order of the trial court overruling his motion that the Defendant appeals.

The Defendant argues that the trial court erred by not amending the judgment to allow him credit for the five days he spent in jail in Texas prior to being returned to Tennessee to face trial on these charges. He also argues that he should be entitled to jail credit for the time he was released on bond pending trial because his bond restricted him from being around either his wife or the victim of the rape and required him to reside with his sister and maintain a curfew.

We see no need to address the merits of the Defendant's arguments because it is clear that the judgment in this case had become final long before the Defendant filed his motion seeking that the judgment be amended. After a judgment becomes final, the trial court generally is without jurisdiction to amend it. State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). Once the trial court loses jurisdiction, it generally has no power or authority to amend its judgment. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). The trial court was correct in denying the motion to amend the judgment.

The judgment of the trial court is accordingly affirmed.

David H. Welles, Judge

David G. Hayes, Judge

Alan E. Glenn, Judge