# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JUNE SESSION, 1999

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. W1998-00656-CCA-R3-CD |
| | ) | |
| Appellee, | ) | |
| | ) | GIBSON COUNTY |
| VS. | ) | |
| | ) | |
| KAWASKI DEVEL TAYLOR, | ) | HON. STEVE STAFFORD, |
| | ) | JUDGE |
| Appellant. | ) | |
| | ) | (Withdrawal of Guilty Plea) |

**FILED**

March 10, 2000

Cecil Crowson, Jr.
Appellate Court Clerk

## ON APPEAL FROM THE JUDGMENT OF THE
## CIRCUIT COURT OF GIBSON COUNTY

**FOR THE APPELLANT:**

HAROLD R. GUNN
P.O. Box 444
Humboldt, TN 38343

**FOR THE APPELLEE:**

PAUL G. SUMMERS
Attorney General and Reporter

PATRICIA C. KUSSMANN
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243

CLAYBURN PEEPLES
District Attorney General
110 College Street, Suite 200
Trenton, TN 38382

OPINION FILED _____

**APPEAL DISMISSED IN PART; JUDGMENT OF TRIAL COURT AFFIRMED**

**DAVID H. WELLES, JUDGE**

# OPINION

The Defendant, Kawaski Devel Taylor, seeks to appeal as of right from an order of the trial court denying a motion to set aside his guilty plea. Because we conclude that this issue is not properly before us, we dismiss that part of the appeal. We affirm the Defendant's sentence for second degree murder.

The Defendant was indicted for the offenses of first degree murder and especially aggravated robbery. On August 3, 1998, pursuant to a plea agreement, the Defendant pleaded guilty to the offense of second degree murder. The plea agreement provided that the Defendant would be sentenced as a Range I standard offender, with the length of the sentence to be determined by the trial court. The trial judge accepted the Defendant's guilty plea at that time.

A sentencing hearing was conducted on September 17, 1998. At the conclusion of the hearing, the trial judge sentenced the Defendant to twenty-one years in the Department of Correction. Immediately after being sentenced, the Defendant advised the trial court that he "didn't want the guilty plea." The Defendant's attorney then asked the trial judge to appoint the Defendant a new attorney "for the appeal" because he— the Defendant's attorney at the guilty plea proceeding and at sentencing — would need to be a witness concerning whether the Defendant's guilty plea was knowingly and voluntarily entered. After some discussion concerning this matter, the trial judge advised counsel to file whatever motions or other pleadings he deemed appropriate in the case. The judgment of conviction and sentencing order were entered and filed September 17, 1998.

The following day, September 18, the Defendant, acting through the same attorney who had represented him at his guilty plea proceeding and at sentencing, filed a motion to set aside his guilty plea and a motion to appoint different counsel.  The pleading also stated that it was to serve as a notice of an appeal of the guilty plea, "if the trial judge refuses to set a hearing on my motion to set aside a guilty plea."  The pleading primarily alleged that the Defendant's attorney had advised him that his sentence would be fifteen years because his attorney had been "led to believe" by the district attorney general and the trial judge that the sentence would be fifteen years if there were no enhancing factors.  The document also alleged that Defendant's counsel would be a witness at a hearing to show that the Defendant did not knowingly and voluntarily plead guilty to second degree murder.  In addition, the document stated that the Defendant desired to appeal from his guilty plea because it was not knowingly and voluntarily made.

No further action was taken in this matter by the trial court until October 29, 1998, at which time the court heard statements and arguments of counsel concerning the motion to withdraw the guilty plea and the motion to appoint new counsel.  After considerable discussion, and after reviewing the transcript from the guilty plea and sentencing hearing, the motions were denied by the trial court.  The order denying the motion to set aside the guilty plea and denying the motion to appoint different counsel is dated November 5, 1998 and was filed November 10, 1998.  On November 20, 1998, the Defendant filed a notice of appeal "from the judgment and verdict entered in this action on the 29th day of October, 1998."

Well established procedural rules prohibit us from reaching the merits of the issues the Defendant attempts to present. We note that the availability of an appeal as of right by a defendant in a criminal case is governed by Rule 3(b) of the Tennessee Rules of Appellate Procedure. An appeal as of right by a defendant in a criminal action from a judgment of conviction based on a plea of guilty lies only (1) if there was a plea agreement which explicitly reserved the right to appeal a certified question of law dispositive of the action, (2) if the Defendant seeks review of the sentence, and there was no plea agreement concerning the sentence, or (3) if the issues presented for review were not waived as a matter of law by the entry of the plea and if such issues are apparent from the record of the proceedings already had. See Tenn. R. App. P. 3(b). In this case, the Defendant was convicted on a plea of guilty and is attempting to appeal as of right from the trial court's denial of his motion to withdraw his guilty plea and/or the trial court's denial of his motion to appoint new counsel. An appeal as of right from the trial court's order denying these motions is not contemplated by Rule 3(b) of the Tennessee Rules of Appellate Procedure.

A motion to withdraw a plea of guilty in the trial court is governed by Rule 32(f) of the Tennessee Rules of Criminal Procedure. This rule provides as follows:

> Withdrawal of Plea of Guilty. — A motion to withdraw a plea of guilty may be made upon a showing by the defendant of any fair and just reason only before sentence is imposed; but to correct manifest injustice, the court after sentence, but before the judgment becomes final, may set aside the judgment of conviction and permit the defendant to withdraw the plea.

Tenn. R. Crim. P. 32(f) (emphasis added).

It is apparent from a reading of this rule that after a judgment of conviction becomes final, the trial judge is not authorized to set aside the judgment and permit the Defendant to withdraw the plea of guilty upon which the judgment was based. The rule specifically provides that it is only <u>before</u> the judgment becomes final that a trial court may set aside the judgment and permit the Defendant to withdraw the plea. <u>After</u> a judgment becomes final, the trial court generally is without jurisdiction to amend it. <u>State v. Moore</u>, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991).

We hold that the filing of a motion to withdraw a plea of guilty does not suspend the time within which a judgment of conviction based upon the guilty plea becomes final. If the trial court has not ruled upon the motion to withdraw the guilty plea prior to the time the judgment becomes final, the motion becomes moot because the trial court no longer has authority to grant the motion. When such a motion is filed <u>after sentencing</u>, the trial judge is under no obligation to rule on the motion because the judgment will become final even in the absence of a ruling on the motion.

In this case the judgment of conviction was entered on September 17, 1998. As a general rule, the judgment of a trial court becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. <u>State v. Pendergrass</u>, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a), (c). Once a notice of appeal has been filed, the jurisdiction of this Court attaches, and the trial court loses jurisdiction. <u>Pendergrass</u>, 937 S.W.2d at 837. Once the trial court loses jurisdiction, it generally has no power or authority

to further amend or set aside its judgment. <u>Id.</u> A judgment beyond the jurisdiction of the court is void. <u>Id.</u>

The Defendant's judgment of conviction and sentence was entered on September 17, 1998. The only appeal as of right available to the Defendant was to seek a review of the sentence imposed. <u>See</u> Tenn. R. App. P. 3(b). Included in the Defendant's pleading filed on September 18, 1998 was a notice of appeal of the "guilty plea." This notice of appeal may be considered as notice of appeal from the sentence imposed by the trial court. <u>See</u> Tenn. R. App. P. 3(e), (f). In this appeal the Defendant presents no issues for review pertaining to his twenty-one year sentence. This Court generally considers only issues <u>presented</u> for review. <u>See</u> Tenn. R. App. P. 13(b). Accordingly, the judgment of the trial court sentencing the Defendant to twenty-one years in the Department of Correction is affirmed.

At the time the trial court ruled on the Defendant's motion to withdraw his guilty plea, the court was without jurisdiction or authority to do so because <u>either</u> (1) the judgment of conviction had become final <u>or</u> (2) the Defendant had already filed a notice of appeal. Thus, the trial judge's order denying the motion to withdraw the guilty plea was a nullity, and the Defendant's subsequent attempt to appeal from that order is accordingly dismissed.

The judgment of conviction for second degree murder and sentence of twenty-one years for that offense is affirmed. The Defendant's attempt to appeal from the order denying the motion to withdraw the guilty plea is dismissed.

_____
DAVID H. WELLES, JUDGE


CONCUR:


_____
DAVID G. HAYES, JUDGE


_____
NORMA McGEE OGLE, JUDGE