# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs February 6, 2001

## STATE OF TENNESSEE v. ROCKY LANE WILKERSON

### Direct Appeal from the Circuit Court for Robertson County
### No. 99-0213     John H. Gasaway, III, Judge

---

### No. M2000-02473-CCA-R3-CD - Filed July 9, 2001

---

On March 17, 2000, the defendant pled guilty to two counts of driving after having been declared a habitual traffic offender.[1] At his May 5, 2000, sentencing hearing the transcript indicates that the trial court ordered him to serve two consecutive one-year sentences for these crimes as a Range I, standard offender. However, the judgments indicate that the defendant received consecutive two-year sentences. On June 5, 2000, the defendant filed his notice of appeal, and now asks this Court to modify the judgments to reflect the announced sentence. After reviewing the record and applicable caselaw, we find this issue to have merit and, thus, remand the matter for correction of the judgments.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Remanded.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, and JOE G. RILEY, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee, for appellee, Rocky Lane Wilkerson.

Paul G. Summers, Attorney General & Reporter; Elizabeth T. Ryan, Assistant Attorney General; John Carney, District Attorney General and Dent Morriss, Assistant District Attorney, for appellee, State of Tennessee.

## OPINION

### Factual Background

On separate dates in February of 1999, the defendant drove a vehicle on the public roadways of Robertson County in spite of having been declared a habitual traffic offender. As above-noted, he was charged with and pled guilty to these offenses. At a subsequent sentencing hearing the trial court announced "giving everything that I've alluded to, the Court believes that the proper sentence for each of these offenses is a year sentence and ... that they should be served consecutively." Yet

---

[1] At this time numerous additional charges pending against the defendant were dismissed.

the judgments indicate that the defendant received consecutive two-year sentences.[2] It is from these allegedly erroneous judgments that the defendant seeks relief.

## Error in the Judgment Form

When analyzing situations involving conflicts between a judgment and a sentencing hearing transcript, caselaw provides that the transcript controls. See, e.g., State v. Moore, 814 S.W. 2d 381, 383 (Tenn. Crim. App. 1991). The trial court in the instant case clearly stated that the defendant was to receive consecutive one year sentences. Through its brief the State agrees that the judgment is in error and should be corrected. We concur.

## Conclusion

For the foregoing reasons we determine that the defendant's allegation merits relief. Accordingly, we remand this case for the trial court to correct the respective judgments in order to reflect the consecutive one year sentences.

_____
JERRY L. SMITH, JUDGE

---

[2] These judgments were signed by neither the prosecution nor the defense attorney.

-2-