IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

## PAUL BARNETT v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Unicoi County**
**No. 3917     Lynn W. Brown, Judge**

_____

**No. E1999-01583-CCA-R3-CD - Decided June 20, 2000**

_____

JUDGE TIPTON concurring.

I concur in the results reached in the majority opinion. However, I respectfully disagree with its conclusion that the petitioner=s habeas corpus claim was properly dismissed because it was filed in the wrong county.

My colleagues conclude that the fact that all potential witnesses and relevant documents exist in Unicoi County does not suffice to allow the habeas corpus action to be heard in that county as opposed to Johnson County where the petitioner is incarcerated. They rely upon a previous opinion by this court in <u>Jimmy Wayne Wilson v. State</u>, No. 03C01-9806-CR-00206, Sullivan County (Tenn. Crim. App. June 24, 1999), <u>app. denied</u> (Tenn. Nov. 22, 1999). However, in <u>Wilson</u>, this court relied solely upon an order which, pursuant to Rule 20, Tenn. Ct. Crim. App. R., carries no precedential value. See <u>Ashad Rashad Abdullah Ali Muhammad v. State</u>, No. 01C01-9707-CC-00300, Lincoln County (Tenn. Crim. App. Dec. 18, 1997) (order).

The issue of where to bring a habeas corpus case pursuant to Tenn. Code Ann. ' 29-21-105 is primarily one of convenience of forum, not jurisdiction. In <u>Inman Ray McAndrews v. State</u>, No. 03-C-01-9107-CR-00210, Cocke County (Tenn. Crim. App. June 10, 1992), this court affirmed a grant of habeas corpus relief by the trial court in the county of the petitioner=s conviction when the petitioner was incarcerated in Morgan County. The petitioner had alleged that he filed in Cocke County because the trial court there had heard all the evidence pertaining to the case and was familiar with the sentence structure. He also asserted that the witnesses to be called were Cocke County residents and that the record of the judgment was in the custody of the Cocke County Circuit Court Clerk. In considering whether the state waived the issue of the proper county for the habeas corpus action, the court noted that Athe place of filing the application involves an issue of venue as opposed to jurisdiction.@

In this respect, I believe that whether the location of the witnesses and relevant documents in a different county justifies filing a habeas corpus petition in that county should be

a case-by-case determination. The irony of the present case is that Johnson County and Unicoi County are in the same judicial district and that the same trial judge sits in both counties. However, the trial court ruled that the petitioner had filed in the wrong county, although it used the Awrong@ county=s records to conclude that the judgment was proper. Under the particular circumstances in this case, I do not believe that the habeas corpus case was improperly brought. Moreover, if the petitioner=s allegations are true, he is the subject of an illegal sentence which is noticeable at anytime by the sentencing court in Unicoi County.

In the present case, the judgment of conviction for the burglary reflects a sentence of five years for a Range I offender. This is improper on its face. The petitioner alleges that he Awas under the presumption that the sentence would be for three (3) years@ and that the word Afive@ was added without his knowledge. Taking these claims as true, I believe that the petitioner=s sentence for burglary is void. To this end, the trial court may not disbelieve the petitioner=s allegations without a hearing. In any event his allegations justify the trial court, at least, ordering that a transcript of the petitioner=s guilty plea hearing should be prepared, because if the transcript and the court minutes conflict, the transcript controls. See State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991); State v. Zyla, 628 S.W.2d 39, 42 (Tenn. Crim. App. 1981).

Otherwise, I agree that the case should be remanded for a determination of the correctness of the record of a five-year sentence for a Range I, Class D felony.