# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
August 2000 Session

## STATE OF TENNESSEE v. DELWIN KEITH O'NEAL

**Appeal from the Criminal Court for Marshall County**
**No. 13121     Charles Lee, Judge**

---

**No. M2000-00650-CCA-R3-CD - Filed August 31, 2000**

---

In 1997, the defendant pled guilty in Marshall County to aggravated assault. Pursuant to a negotiated plea agreement, he was sentenced as a Range II, multiple offender and received a six-year sentence, consecutive to a prior Montgomery County sentence. The defendant now claims his sentence does not comport with the plea agreement and asks this court to modify the sentence. Upon our review of the record, we conclude the defendant did not timely challenge his sentence and deny relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH, J., and L.T. LAFFERTY, SR. J., joined.

Delwin Keith O'Neal, Clifton, Tennessee, *Pro Se*.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; William Michael McCown, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On June 18, 1997, the defendant pled guilty to aggravated assault, a Class C felony. Pursuant to a negotiated plea agreement, he received a six-year sentence as a Range II, multiple offender. On April 13, 1999, the defendant filed a "Motion for Reduction of Sentence," and on January 24, 2000, he filed a "Motion for Specific Performance" to compel the state to abide by the terms of the negotiated agreement. It appears both motions were subsequently denied by the trial court. The defendant appeals, claiming he was not informed his current sentence would be served consecutively to a prior sentence imposed in Montgomery County. In support of his claim that he had no knowledge that his Marshall County sentence would be served consecutively, the defendant attached his alleged copy of the Marshall County judgment, which does not contain his signature. The defendant now asks this court to modify his sentence to reflect the terms of the plea agreement.

## ANALYSIS

We conclude that the defendant's motion for "reduction of sentence" and his motion for "specific performance" were untimely. Thus, the trial court is without jurisdiction to modify the defendant's sentence.

The defendant was sentenced pursuant to a negotiated guilty plea in June 1997. The judgment, therefore, became final in 1997.

With limited exceptions, the trial court is without jurisdiction to amend a judgment once it is final. *See* State v. Moore, 814 S.W.2d 381, 382-83 (Tenn. Crim. App. 1991). First, Tenn. Code Ann. § 40-35-212(d) allows the trial court to retain jurisdiction over a defendant's sentence while he is awaiting transfer from the local jail or workhouse to the Tennessee Department of Correction. The defendant was not awaiting transfer to the TDOC; therefore, the trial court had no authority under this statute to modify his sentence.

Secondly, Tenn. R. Crim. P. 35(b) provides for the reduction of a sentence by the trial court upon motion of the defendant, provided the motion is filed within120 days after the date the sentence was imposed. However, his motion is time-barred. The judgment in the current case was entered on June 18, 1997. The defendant's first motion to reduce his sentence was not filed until April 13, 1999. Clearly, the defendant failed to meet the 120-day time limit for filing his motion. Thus, the trial court was without jurisdiction to modify the defendant's sentence, and the defendant's motions were properly dismissed.

We also note that the defendant missed the one-year deadline for filing a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-202. Thus, even if we were to treat the motion as a request for post-conviction relief, such relief would be inappropriate as it is time-barred.

Furthermore, we conclude the defendant has failed to show he did not receive the sentence contemplated. The judgment in the technical record is signed by the defendant and reflects the consecutive nature of his sentences.

## CONCLUSION

The defendant's motion seeking modification of his sentence was not timely filed. Furthermore, it appears from the record that the defendant signed the judgment indicating the consecutive nature of his sentences. Thus, we affirm the judgment of the trial court.

_____
JOE G. RILEY, JUDGE

-2-