IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 17, 2000

## STATE OF TENNESSEE v. JERRY L. JOHNS

**Appeal from the Criminal Court for Knox County**
**No. 69813     Ray L. Jenkins, Judge**

---

**No. E2000-00505-CCA-R3-CD**
**November 27, 2000**

---

The Defendant, Jerry L. Johns, appeals from the order of the trial court dismissing his ?Motion to Vacate Judgment" as barred by the statute of limitations. The trial court apparently treated the Defendant's motion as a petition for post-conviction relief. We hold that the trial court properly treated the Defendant's motion as a petition for post-conviction relief and that the motion was properly dismissed because it was barred by the statute of limitations, because another post-conviction petition had already been filed and resolved on the merits, and because the grounds for relief alleged by the Defendant had been previously determined. Accordingly, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed.**

DAVID H. WELLES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J. and WILLIAM B. ACREE, JR., SP.J., joined.

Jerry L. Johns, Wartburg, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; and Randall E. Nichols, District Attorney General, for appellee, State of Tennessee.

**OPINION**

In 1987, the Defendant was convicted in Knox County of felonious assault with intent to commit first degree murder, aggravated kidnapping by the use of a deadly weapon, armed robbery, and reckless driving, for which he received an effective sentence of seventy-three years. We affirmed the Defendant's convictions on direct appeal, and the supreme court denied review. See State v. Jerry Leon Johns, No. 1145, 1988 WL 74648 (Tenn. Crim. App., Knoxville, July 22, 1988), perm. app. denied (Tenn. Nov. 7, 1988). The Defendant then sought post-conviction relief in Knox County, alleging that he had been denied the effective assistance of counsel. The trial court denied relief after an evidentiary hearing, and we affirmed that denial on appeal. See Jerry L. Johns v. State, No. 03C01-9406-CR-00214, 1995 WL 447778 (Tenn. Crim. App., Knoxville, July 31, 1995), perm.

app. denied (Tenn. Dec. 28, 1995). Subsequently, the Defendant filed a petition for writ of habeas corpus in Bledsoe County, where he was incarcerated, alleging that the State of Tennessee lacked jurisdiction to try him for charges in Knox County. This Court affirmed the trial court's dismissal of the Defendant's petition, and the supreme court again denied review. See Johns v. Bowlen, 942 S.W.2d 544 (Tenn. Crim. App.), perm. app. denied (Tenn. 1996). The Defendant then filed another petition for writ of habeas corpus in Morgan County, alleging that he was entitled to habeas corpus relief because the convicting court lacked jurisdiction to impose any sentence for a Class X felony and because the court minutes were unsigned, making the judgments against him void. The trial court denied habeas corpus relief, and we affirmed that denial, holding that the trial court had jurisdiction to sentence the Defendant and that the failure to sign the court minutes did not render the judgments void. See Jerry L. Johns v. State, No. E199-00260-CCA-R3-CD, 2000 WL 262901 (Tenn. Crim. App., Knoxville, Mar. 9, 2000), perm. app. denied (Tenn. Sept. 11, 2000). On January 19, 2000, before we released our opinion affirming the denial of habeas corpus relief, the Defendant, proceeding pro se, filed a document in the Knox County Criminal Court entitled ?Motion to Vacate Judgment." In that document, he asked the trial court to vacate the judgment entered against him on April 10, 1987 due to the same errors he had alleged in his most recent petition for writ of habeas corpus. In his motion, the Defendant alleged that his convictions and sentences were ?illegal" because the trial court did not have jurisdiction to sentence him for a Class X felony, and the judgments were void because the trial judge did not sign the court minutes. The trial court dismissed the Defendant's motion, holding that it was barred by the statute of limitations set forth in Tennessee Code Annotated section 40-30-202, governing petitions for post-conviction relief.

As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996); Tenn. R. App. P. 4(a), (c). Once a judgment becomes final or a timely notice of appeal has been filed, the trial court loses jurisdiction over the matter. Pendergrass, 937 S.W.2d at 837. After a trial court loses jurisdiction, it generally has no power to alter or amend its judgment. Id.; State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). The judgment in this case was entered on April 10, 1987. The trial court lost jurisdiction to alter or amend the judgment when the Defendant filed his notice of appeal. Thus, the trial court had no authority to vacate the judgment pursuant to the Defendant's motion in the year 2000, thirteen years after the entry of the judgment.

If, however, a document filed by a pro se defendant is actually a request that may be granted pursuant to the post-conviction statutes, a trial court may properly treat the document as a petition for post-conviction relief. See Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993). Relief under our Post-Conviction Procedure Act will be granted when a defendant's conviction or sentence is void or voidable because of the abridgment of any right guaranteed by either the Tennessee Constitution or the United States Constitution. Tenn. Code Ann. § 40-30-203. However, in order to seek such relief, a defendant must petition for post-conviction relief within the applicable statute of limitations. Id. § 40-30-202(a). Pursuant to the statute of limitations in effect when the Defendant was convicted, the Defendant had until November 7, 1991 to file a petition for post-conviction relief. See id. § 40-30-102 (repealed 1995); Carter v. State, 952 S.W.2d 417, 418-20 (Tenn. 1997). Because this petition was filed in 2000, it was clearly filed outside the statute of limitations.

In addition, only one petition for post-conviction relief will be considered; if a prior petition has been filed and resolved on the merits by a court of competent jurisdiction, any subsequent petition shall be summarily dismissed.[1] Tenn. Code Ann. § 40-30-202(c). Here, the Defendant had already filed a petition for post-conviction relief which was resolved on the merits. <u>See</u> <u>Jerry L. Johns</u>, 1995 WL 447778. Thus, the Defendant's present petition was properly dismissed.

Moreover, a defendant must show that the grounds for relief alleged in the petition have not been previously determined, or the petition shall be dismissed. <u>See</u> Tenn. Code Ann. § 40-30-206(f). The facts alleged in the instant petition were the same ones which were previously determined in the Defendant's most recent petition for habeas corpus relief. <u>See</u> <u>Jerry L. Johns</u>, 2000 WL 262901. For this reason, also, the Defendant's petition was properly dismissed.

For the foregoing reasons, we conclude that the Defendant's document entitled ?Motion to Vacate Judgment" was properly treated as a petition for post-conviction relief and dismissed. The judgment of the trial court is affirmed.

_____
DAVID H. WELLES, JUDGE

_____

[1] A defendant may move to reopen a petition for post-conviction relief that has been concluded under limited circumstances, none of which are applicable here. <u>See</u> Tenn. Code Ann. § 40-30-217.