# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs August 21, 2001

## STATE OF TENNESSEE v. HOBERT DEAN DAVIS

**Direct Appeal from the Criminal Court for Anderson County**
**No. 99CR0002      James B. Scott, Jr., Judge**

---

**No. E2000-02879-CCA-R3-CD**
**March 4, 2002**

---

The defendant pled guilty to burglary (Count One), theft (Count Two), and vandalism (Count Three) and was sentenced pursuant to a plea agreement to two (2) years for Count One and eleven months and twenty-nine days for both Count Two and Count Three. Counts Two and Three were to be served concurrently but consecutively to Count One. The judgment forms entered for each count indicated that the defendant was to receive 201 days of pretrial jail credit. Sixteen months after the final judgments were entered, the state moved the trial court to correct the original judgments pursuant to Tennessee Rule of Criminal Procedure 36. Thereafter, corrected judgments were entered for Counts Two and Three indicating that the defendant was to receive 0 days pretrial jail credit on those counts. Generally, a trial court loses jurisdiction to amend a judgment once it becomes final. After a thorough review of the record, we conclude that the trial court did not make a finding as to whether there was a clerical mistake or mistake of law in the original judgments. Absent a finding that there was a clerical mistake, the trial court was without jurisdiction to alter the final judgments. Therefore, we reverse the judgments as corrected and remand to the trial court for determination of whether there was a clerical error in the original judgments.

### Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and ALAN E. GLENN, J., joined.

J. Thomas Marshall, Jr., District Public Defender, and Nancy Carol Meyer, Assistant District Public Defender, for the appellant, Hobert Dean Davis.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussmann, Assistant Attorney General; James N. Ramsey, District Attorney General; and Janice G. Hicks, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On April 15, 1999, the defendant, Hobert Dean Davis, pled guilty to several charges pursuant to a plea agreement. According to the terms of a sentencing agreement, as reflected in the "waiver of sentencing" form contained in this record, the defendant's sentences for the various felony convictions would be served concurrently, and the defendant's sentences for his two misdemeanor convictions would also be served concurrently. However, the felony sentences were to be served consecutively to the misdemeanor sentences, which resulted in an effective sentence of two years, eleven months and twenty-nine days.

Although the sentence agreement encompassed five separate cases, only one, case number 99CR0002, is at issue in this appeal. The judgments for case number 99CR0002 reflect that the defendant was sentenced as follows: Count One, burglary, as a Range I Standard offender to two (2) years in the Tennessee Department of Correction; Count Two, theft, (misdemeanor), eleven (11) months, twenty-nine (29) days in the county jail with 75% minimum service prior to release; and Count Three, vandalism, eleven (11) months, twenty-nine (29) days in the county jail with 75% minimum service prior to release. Count One was to be served concurrently with the other cases covered by the sentence agreement and consecutive to Counts Two and Three. Counts Two and Three were to be served concurrently. All three judgments have written in the space provided for pretrial jail credits "from 9/8/98 to 9/9/98 from 9/19/98 to 3/6/99 or Number of Days 201." Also written above the line for pretrial credits on each judgment form is "3/8/99 - Present (4/8/99)."

Although the sentence agreement and all three judgments indicate that the defendant is to serve his sentences in the Tennessee Department of Correction, the defendant was apparently placed on supervised probation in June of 1999. The instant controversy arose after a violation of probation warrant was filed against the defendant on April 28, 2000. At the hearing on October 16, 2000, the defendant did not contest the revocation of his probation. The defendant did, however, oppose the state's motion to "correct" the original prior judgments, which alleged that the sentence credits reflected on the judgments were a "clerical error."

**Factual Background**

At the hearing before the trial court, the state alleged that the original judgments, each of which reflected 201 days of pretrial jail credit, should have reflected 201 days of pretrial jail credit only for Count One because the sentences for Counts Two and Three were to be served consecutively to Count One. The state argued that the jail made a clerical error in the certification of pretrial jail time, which resulted in the defendant receiving 201 days credit on each of the three judgments. In response, the defendant argued that the sentence credits as reflected on the original judgment were not clerical errors and, therefore, the trial court did not have jurisdiction to alter the judgments. The defendant further argued that the credits were correctly applied to reduce the defendant's sentence pursuant to Tennessee Code Annotated section 40-23-106(c). Following the hearing, corrected judgments were entered for Counts Two and Three, which read as follows:

> It is ORDERED that this judgment is corrected to reflect that
> defendant had 0 days jail credit on this count for the following

reason: Counts 2 and 3 were running consecutive to the defendant's Department of Correction sentences and therefore all credits should have been applied only to the concurrent sentences . . . . Without this correction, defendant receives double credit.

The defendant appeals the corrected judgments for Counts Two and Three alleging that the corrected judgments did not reflect the trial court's ruling. According to the defendant, "[t]he trial court correctly granted Defendant the proper pre-sentence credit on all counts in this case of 201 days." The defendant explains that the state submitted to defense counsel for approval the amended judgment for Count One, along with proposed amended judgments for Counts Two and Three. Each of the three judgments reflected a sentence credit of 201 days and was signed by defense counsel. The judgments for Counts Two and Three as entered, however, had been changed as noted above. In support of his allegation, the defendant points out that defense counsel's signature only appears on the judgment entered for Count One. To further add to the confusion, the state argues that the corrected judgments for Counts Two and Three do reflect the trial court's ruling at the hearing. In other words, both the defendant and the state argue that the trial court ruled in their favor.

## Analysis

Because the state's motion to amend the judgments was based upon Rule 36 of Tennessee Rules of Criminal Procedure, which gives the trial court jurisdiction to correct a clerical mistake in a judgment after it has become final, the only relevant question is whether there was, in fact, a clerical mistake in the original judgments. As a general rule, a trial court's judgment becomes final thirty days after its entry unless a timely notice of appeal or a specified post-trial motion is filed. Tenn. R. App. P. 4(a) and (c); State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). Once the trial court loses jurisdiction, it generally has no power to amend its judgment. Moore, 814 S.W.2d at 382. Indeed, it is well-settled that a judgment beyond the jurisdiction of a court is void. Brown v. Brown, 198 Tenn. 600, 281 S.W.2d 492, 497 (1955). Rule 36 of the Tennessee Rules of Criminal Procedure, however, grants trial courts limited power over cases that have been disposed of to correct clerical mistakes in judgments and other errors in the record arising from oversight or omission. State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996).

In determining whether there has been a clerical error, this Court has held

[T]he record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

State v. Thomas, No. 03C01-9504-CR-00109, 1995 Tenn. Crim. App. LEXIS 917, at *3-4 (Tenn. Crim. App., at Knoxville, Nov. 15, 1995).

We have viewed the original judgments, and it is clear that the three judgments contain triplicate entries of jail credits. Furthermore, we acknowledge that a defendant incarcerated pretrial who then receives a consecutive sentence is allowed pretrial jail credits to be applied only to the first sentence. See State v. Cavitt, No. E1999-00304-CCA-R3-CD, 2000 Tenn. Crim. App. LEXIS 555, at **7-8 (Tenn. Crim. App., at Knoxville, July 13, 2000). We are unable, however, to determine if the erroneous judgments were the result of a clerical error or a mistake in the law. Quite simply, the record before us is so sparse that we are unable to reach any conclusion as to whether the judgment should have been corrected pursuant to Rule 36. At the evidentiary hearing on the issue, the trial court did not make a finding as to whether there was a clerical mistake in the original judgments. After hearing the arguments from both the defendant and the state about whether the law required the sentence credits to be applied to all three sentences, the trial court found

> As of the time of entering the plea as far as this Court is concerned, he would not be given credit on both those sentences. Prior to the plea, he would be given credit if he were in jail on both of them. But after the plea, then he would be given credit only after he had served the first sentence and then he starts working on the second. And to that effect, I would ask an Order be drawn in that respect.

The differing interpretations proffered by the state and the defendant are clearly a result of the ambiguity of the trial court's ruling. There appear to be three arguable interpretations of what the trial court's ruling is: (1) the defendant should not receive sentence credit for both sentences because they were ordered to be served consecutively, (2) the defendant could receive sentence credit for the time he was in jail on each charge prior to the entry of his plea but could only apply the time served after the entry of his plea to the first sentence, and (3) the defendant could receive sentence credit on all three sentences because he was in jail on all three charges prior to entry of the plea. Furthermore, it is unclear whether the trial court's ruling merely reflects the trial court's opinion of what would be appropriate under the law or whether it is based upon a finding that there was a clerical mistake, which should be corrected accordingly. The difference is of paramount importance because the trial court does not have jurisdiction to correct a substantive error in a judgment sixteen months after it becomes final. The trial court does, however, have jurisdiction to correct a clerical error in the original judgment.

The record before us is insufficient to establish whether a clerical error was made in the original judgment forms. Based upon our review of the record, we conclude that the trial court most likely intended to rule that the defendant should not have been given triplicate pretrial sentence credit on consecutive sentences. However, the trial record is devoid of a ruling on whether the original judgment forms contained a clerical error or were the result of a mistake in the law. In addition, the corrected judgment forms, which were entered for Counts Two and Three, state that the correction was required to prevent the defendant from receiving double credit, not to remedy a clerical error. As we have previously noted, the trial court did not have jurisdiction to alter the original judgments absent a finding that a clerical error was made. We must, therefore, remand this matter to the trial court for an evidentiary hearing to determine whether the challenged judgments contained a clerical error. If the trial court finds that the triplicate pretrial sentence credit was

-4-

intentionally granted by the sentencing court, the judgments obviously contain no clerical mistake and the petition/motion should be dismissed. On the other hand, if the sentencing court mistakenly entered triplicate jail credit on the judgment forms, the judgments contain a clerical mistake that should be corrected pursuant to Rule 36 of the Tennessee Rules of Criminal Procedure.

Accordingly, the judgments of the trial court are reversed and remanded to determine whether the challenged judgments contain a clerical error.

_____

JOHN EVERETT WILLIAMS, JUDGE