# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## PAUL TOBIAS DAVIS v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2001-A-483     Steve R. Dozier, Judge**

---

**No. M2004-02378-CCA-R3-CO - Filed February 24, 2005**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner, Paul Tobias Davis, has appealed the trial court's order summarily dismissing his "Petition for Pretrial Jail Credit And/or Petition for a Writ of Certiorari." In that petition, the petitioner challenges the calculation of his sentencing credits during his incarceration in the Davidson County Jail from July 8, 2001, until April 17, 2002. Upon a review of the record in this case we are persuaded that the trial court was correct in summarily dismissing the petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Paul Tobias Davis, Pro Se, Whiteville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Victor S. Johnson, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

### Factual Background

On April 17, 2002, the petitioner pled guilty to two counts of aggravated sexual battery with an agreed upon sentence of ten (10) years at one-hundred (100%) percent. On July 14, 2004, the petitioner filed a pro se "Petition for Pretrial Jail Credit And/or Petition for a Writ of Certiorari" challenging the calculation of his sentencing credits during his incarceration in the Davidson County

Jail from July 8, 2001, until April 17, 2002. On July 25, 2004, the trial court entered an order dismissing the petition for lack of jurisdiction based on the fact that the judgment became final on May 17, 2002, and the petitioner did not seek relief in the trial court until July 14, 2004. The petitioner filed a notice of appeal on September 16, 2004.

Initially, we note that the notice of appeal must be filed with the clerk of the trial court within thirty (30) days after the date of entry of the judgment appealed from. See Tenn. R. App. P. 4(a). The notice of appeal herein was filed on September 16, 2004, fifty-three (53) days from entry of the judgment of the trial court. Notwithstanding, papers filed by an incarcerated pro se litigant will be deemed to be timely-filed if the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. See Tenn. R. Crim. P. 49(c). Should timeliness become an issue, the burden is on the pro se litigant to establish compliance with this provision. Id. The petitioner herein has not provided any proof that the papers were delivered to the appropriate individual at the correctional facility within the time fixed for filing. However, the petitioner does provide proof that he did not receive the order from the trial court until September 10, 2004. The notice of appeal document is not jurisdictional in criminal cases and the filing of such document may be waived in the interest of justice. See Tenn. R. App. P. 4(a). This Court finds that waiver is warranted in this case.

Nevertheless, a trial court's judgment becomes final thirty (30) days after its entry unless a timely notice of appeal or specified post-trial motion is filed. State v. Moore, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991). Once the judgment is final, the trial court generally loses jurisdiction to amend it. Id. The record in the present case does not reflect an appeal by the petitioner following the entry of the judgment on April 17, 2002, nor does the petitioner argue that such was filed.

As determined by the trial court, the petitioner's judgment became final on May 17, 2002. Thereafter, the trial court lost jurisdiction to modify the sentence. "The proper avenue by which to address sentence reduction credits is through the avenues of the Administrative Procedures Act, Tenn. Code Ann. § 4-5-101, et seq," after the trial court has lost jurisdiction and the petitioner is placed within the custody of the Department of Correction, an agency of the state government, James A. Vaughan v. State, No. 01C01-93080CR-00258, 1994 WL 53845, at *1 (Tenn. Crim. App. at Nashville, Feb. 24, 1994); see also State v. David N. Kuntz, No. 01C01-9101-CR-00019, 1991 WL 101857, at *3 (Tenn. Crim. App. at Nashville, June 14, 1991). There is no evidence that the petitioner, currently in the custody of the Department of Correction, has pursued this avenue of redress. Furthermore, any judicial review through the Administrative Procedures Act must be in the Chancery Court of Davidson County. Tenn. Code Ann. § 4-5-322(b)(1); Brigham v. Lack, 755 S.W.2d 469, 471 (Tenn. Crim. App. 1988). Accordingly, the Davidson County Criminal Court did not have jurisdiction over this matter and correctly dismissed it.

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the

trial court by memorandum opinion rather than by formal opinion, when:
The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and therefore we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.


_____
JERRY L. SMITH, JUDGE