IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 8, 2008

## STATE OF TENNESSEE v. SHAMARCUS ANTWAN HUNT

**Direct Appeal from the Circuit Court for Gibson County**
**No. 8288      Clayburn L. Peeples, Judge**

_____

**No. W2007-01767-CCA-R3-CD  - Filed March 24, 2008**

_____

The defendant, Shamarcus Antwan Hunt, was convicted of the sale of cocaine under .5 grams, a Class C felony, and possession of cocaine over .5 grams with intent to manufacture, deliver, or sell, a Class B felony.  He was sentenced, respectively, to eight years and twelve years in the Department of Correction, to be served consecutively.  On appeal, he argues that the evidence was insufficient to support his convictions and that the trial court should have declared a mistrial following allegedly improper remarks by the prosecutor during closing arguments.  Following our review, we affirm the judgments of the trial court but remand for entry of corrected judgments to reflect that the defendant's sentences are to be served consecutively, rather than concurrently.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Tom W. Crider, District Public Defender, and Linda L. Moore, Assistant Public Defender, for the appellant, Shamarcus Antwan Hunt.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Garry G. Brown, District Attorney General; and Edward L. Hardister and Harold E. Dorsey, Assistant District Attorneys General, for the appellee, State of Tennessee.

## OPINION

## FACTS

At trial, Officer Terry Williams of the Humboldt Police Department testified that he was sent by Officer Danny Lewis to West Side Drive on September 7, 2006, to purchase cocaine.  He pulled into the parking lot of a grocery store and approached the defendant, who was at a car wash located

in the parking lot. He asked the defendant if he had "anything," and the defendant told him that he had powder cocaine. Officer Williams purchased twenty dollars worth of cocaine from the defendant and then asked him if he had any more. When the defendant replied affirmatively, Officer Williams told him he wished to buy an additional one hundred dollars worth of cocaine and asked the defendant to accompany him to an ATM to withdraw the money.

Danny Lewis, the assistant special agent in charge of the Drug Task Force of the Twenty-Eighth Judicial District, testified that on September 7, 2006, he was working on an undercover drug purchase operation. Agent Lewis supplied Officer Williams with a car containing video and audio equipment and a twenty-dollar bill with which to purchase drugs. He testified that after Officer Williams asked the defendant to accompany him to the ATM, the defendant entered Officer Williams' car and Officer Williams drove to a "takedown" location where an arrest team was waiting. Agent Lewis arrived at the takedown location as officers were removing the defendant from the vehicle. He identified the twenty-dollar bill he gave to Officer Williams and said that the bill was recovered from the defendant's left front pants pocket after his arrest. He also identified two bags of cocaine, a smaller bag given to him by Officer Williams after the defendant's arrest and a larger bag recovered from the defendant's left front pants pocket.

Tennessee Bureau of Investigation Agent Dana Parmenter, accepted by the trial court as an expert in the field of drug chemistry, testified that she analyzed the two bags identified by Agent Lewis and found that both bags contained powder cocaine in an aggregate amount of 2.5 grams. On cross-examination, Agent Parmenter testified that the smaller bag contained .2 grams of cocaine, and the larger bag contained 2.3 grams of cocaine.

Following deliberations, the jury convicted the defendant of sale of cocaine under .5 grams and possession of cocaine over .5 grams with intent to manufacture, deliver, or sell. The trial court sentenced the defendant to eight years as a Range II, multiple offender on the sale conviction and to twelve years as a Range I, standard offender on the possession conviction. The court found that the defendant was an offender whose record of criminal activity was extensive and ordered his sentences to be served consecutively.

## ANALYSIS

The defendant argues that the evidence was insufficient to support his convictions and that the prosecutor committed misconduct rising to the level of reversible error when he mistakenly stated in closing arguments that defense counsel referred to the defendant as a "drug dealer" during opening statements. The State argues that the evidence was sufficient to support the defendant's convictions and that the defendant waived the issue of prosecutorial misconduct by not objecting contemporaneously or in his motion for new trial. As we will explain, we agree with the State.

# I. Sufficiency of the Evidence

Where sufficiency of the convicting evidence is challenged, the relevant question for the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)).

A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

Tennessee Code Annotated section 39-17-417 regulates trafficking in controlled substances. It states, in part:

(a) It is an offense for a defendant to knowingly:

(1) Manufacture a controlled substance;

(2) Deliver a controlled substance;

(3) Sell a controlled substance; or

(4) Possess a controlled substance with intent to manufacture, deliver or sell the controlled substance.

. . . .

(c) A violation of subsection (a) with respect to:

(1) Cocaine or methamphetamine is a Class B felony if the amount involved is point five (.5) grams or more of any substance containing cocaine or methamphetamine and, in addition, may be fined not more than one hundred thousand dollars ($100,000);

(2)(A) Any other Schedule II controlled substance, including cocaine or methamphetamine in an amount of less than point five (.5) grams, is a Class C felony and, in addition, may be fined not more than one hundred thousand dollars ($100,000).

The defendant argues that the evidence was insufficient to support his convictions for sale and possession of cocaine and supported only convictions for casual exchange of a controlled substance and simple possession of cocaine. However, the proof adduced at trial showed that the defendant knowingly sold a bag containing .2 grams of cocaine to Officer Williams for twenty dollars, offered to sell Officer Williams an additional one hundred dollars worth of cocaine, and possessed a bag containing 2.3 grams of cocaine when he was arrested. This evidence was sufficient to support the defendant's convictions for sale of cocaine and possession of cocaine with intent to sell. This assignment is without merit.

## II. Prosecutorial Misconduct

The defendant also argues that the prosecutor engaged in misconduct constituting reversible error when he stated in his closing argument that defense counsel had referred to the defendant as a "drug dealer" during her opening statement. He contends that this statement was extremely prejudicial and could have affected the jury's verdict. However, the defendant concedes that he did not lodge a contemporaneous objection to this statement, and the record reflects that he did not raise this issue in his motion for new trial. Therefore, the defendant has waived this issue. The failure to contemporaneously object to a prosecutor's allegedly improper remarks waives plenary appellate review of that issue. Tenn. R. App. P. 36(a); State v. Thornton, 10 S.W.3d 229, 234 (Tenn. Crim. App. 1999). Furthermore, plain error analysis is inappropriate because the defendant concedes that his decision not to object contemporaneously was "a tactical strategy." See State v. Smith, 24 S.W.3d 274, 282-83 (Tenn. 2000) (before recognizing the existence of plain error, a reviewing court must find, among other things, that the accused did not waive the issue for tactical reasons). The defendant is not entitled to relief on this issue.

### III. Clerical Error in Judgments

Although not called to our attention by either party, our review of the appellate record reveals that the judgments of conviction erroneously state that the defendant's sentences are to be served concurrently. The defendant was convicted in three indictments in addition to those which are the subject of this appeal, which resulted in convictions on two counts, with all sentences to be served consecutively. The transcript of the sentencing hearing reflects that the trial court ordered that the defendant's sentences run consecutively:

> With regard to the conviction for possession of cocaine for the purpose of sale in an amount of .5 grams or more, I find the Defendant to be a [s]tandard [o]ffender; however, I find that there are significant aggravating factors. I find that the defendant has an extensive record of criminal conduct. I find that there is a previous history of his inability or unwillingness to comply with any sort of measures – any measures short of incarceration and I find that these offenses having been committed within three months of his having previously been convicted of selling drugs were committed while he was on probation. I do not find any mitigating factors.
>
> I think a sentence of 12 years in the State Penitentiary is appropriate for that offense.
>
> With regard to the other conviction, that being an unlawful sale of cocaine in an amount of .5 grams or more, I do find that he is a multiple offender with regard to that and set his sentence at eight years in the State Penitentiary. I do not find that he is a professional criminal; however, I do find that he is an offender whose record of criminal activity is extensive and I, therefore, run the sentences consecutively.

Thus, the judgments as to the two convictions resulting from this trial are in direct conflict with the sentencing hearing transcript. Where the judgment of conviction and the transcript of the proceeding conflict, the transcript controls. State v. Moore, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). Therefore, we remand to the trial court with instructions to amend the judgments in counts 2 and 3 to reflect that the defendant's sentences are to be served consecutively.

### CONCLUSION

Based on the foregoing authorities and reasoning, the judgments of the trial court are affirmed, and the case is remanded to the trial court for entry of corrected judgments as set out herein.

_____
ALAN E. GLENN, JUDGE