FILED

08/14/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 16, 2019

**STATE OF TENNESSEE v. ANTON CARLTON**

**Appeal from the Circuit Court for Rutherford County**
No. F-55484A        Royce Taylor, Judge

_____

**No. M2018-01474-CCA-R3-CD**
_____

The Defendant, Anton Carlton, appeals the summary denial of his "Motion for An Amendment of the Judgment to Correct a Clerical Error." He argues (1) the trial court abused its discretion when it determined that the corrected judgment of conviction entered on April 9, 2012, did not contain an oversight or omission, and (2) the corrected judgments of conviction entered on October 22, 2018, resulted in a material breach of his negotiated plea agreement. We affirm the judgment of the trial court but remand the case for entry of corrected judgment forms in Counts 6, 7, and 8 and for entry of an amended order of dismissal, wherein Counts 2, 3, 4, 5, 9, and 10 are dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and D. KELLY THOMAS, JR., JJ., joined.

Anton Carlton, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Jennings H. Jones, District Attorney General; and J. Paul Newman, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The Defendant's charges in this case stem from his participation in a home invasion involving the victim, Ben Nelson, as well as the victim's wife and children. The Defendant was indicted by the Rutherford County Grand Jury for five counts of especially aggravated kidnapping (Counts 1, 2, 3, 4, and 5), two counts of aggravated robbery (Counts 6 and 7), one count of aggravated burglary (Count 8), and two counts of theft (Counts 9 and 10). See Anton Carlton v. Easterling, No. W2012-00798-CCA-R3-

HC, 2012 WL 6474542, at *1 (Tenn. Crim. App. Dec. 13, 2012) (affirming denial of habeas corpus relief from first petition for writ of habeas corpus).

Thereafter, the Defendant entered into a written plea agreement, which set out the terms of the agreement in the following grid:

| Case/Count: | 55484 CT – I | 55484 CT 6-7 | 55484 CT 8 |
|---|---|---|---|
| Conviction Offense: | Esp Agg Kidnapping | Agg Robbery | Agg Burg |
| Sentence imposed: | 25 yrs @ 100% | 10 yrs @ 30% x2 | 5 yrs @ 30% |
| Range; Offender; Classification; R.E.D.; | Rg I | Rg I | Rg I |
| Concurrent/Consecutive | | Consecutive Ct I | Consecutive to Ct 6-7 |
| Place of Confinement | TDOC | TDOC | TDOC |
| Fine: | Ø | Ø | |

In addition, the following terms were written immediately below this grid on the plea agreement:

> Dismiss Ct 2, 3, 4, 5, 9, 10—No fines—50 yr sentence  25 yrs @ 100% A, felony—(2) 10 yr. @ 30%—5 yrs @ 30%  All consecutive to each other & to ct. I.

At the January 24, 2005 plea submission hearing, the State announced that the Defendant was entering a guilty plea to especially aggravated kidnapping in Count 2, rather than in Count 1 as outlined in the written plea agreement. However, in all other respects, the State followed the terms of the plea agreement, asserting that all the counts would be served consecutively to one another, for an effective sentence of fifty years. In particular, the State made the following announcement at the plea submission hearing regarding the terms of the Defendant's plea agreement:

> Subject to Your Honor's approval[,] he'd be entering a plea to especially aggravated kidnapping, count two. Be a 25[-]year sentence at 100 percent to serve. He'd plead guilty as well to count six, aggravated robbery. That would be a ten[-]year sentence consecutive to count two. And that would be at 30 percent. Also plead guilty to count seven, aggravated robbery, ten years at 30 percent to serve consecutive to counts two and six. And then count eight, aggravated burglary. A five[-]year

sentence to serve at 30 percent consecutive to counts two, six and seven of this indictment. The remaining counts subject to Your Honor's approval would be dismissed. And he has executed a plea agreement.

When the court asked, "What's the total?" the State replied, "25 years at 100 percent followed by a culmination of 25 [years] at thirty [percent] consecutive."

During the plea submission hearing, defense counsel told the court that the Defendant was "concern[ed]" because his co-defendant in this case received an effective sentence of twenty-five years rather than an effective sentence of fifty years. The court noted that while the co-defendant had to serve twenty-five years, the Defendant was going to have to serve approximately thirty years before becoming eligible for parole. The trial court then conducted a full plea colloquy, and the Defendant stated that he had no questions about the terms of his plea agreement and acknowledged that he was pleading guilty to one count of especially aggravated kidnapping, two counts of aggravated robbery, and one count of aggravated burglary.

At the conclusion of this hearing, the trial court accepted the Defendant's guilty pleas and imposed the following sentences:

> Sir, first of all[,] I'm going to find you guilty of especially aggravated kidnapping. Sentence you to 25 years in the state penitentiary as a 100 percent offender. . . . Consecutive to that I'm going to find you guilty of aggravated robbery. Sentence you to ten years in the state penitentiary as a range one, 30 percent offender. . . . And that will run consecutive to count two[,] which is the 25 years at 100 percent. Next, sir, I'm going to find you guilty of [the second count of] aggravated robbery. Sentence you to ten years in the state penitentiary as a range one 30 percent offender. It will run consecutive to count two of the indictment and count six of the indictment. . . . Next, sir, I'm going to find you guilty of aggravated burglary. Sentence you to five years in the state penitentiary as a range one 30 percent offender. It will run consecutive to count two of the indictment, count six of the indictment[,] and count seven of the indictment. . . . And based upon your pleas in those cases, sir, in felony number 55484A counts one, three, four, five, nine and ten, I will dismiss those counts, sir, without any cost to you.

The judgments of conviction entered the same day as the plea submission hearing show that the Defendant was convicted of especially aggravated kidnapping in Count 2, rather than Count 1, and that the sentences in Counts 2, 6, 7, and 8 would be served

consecutively for an effective sentence of fifty years. Also on January 24, 2005, the court entered an order dismissing Counts 1, 3, 4, 5, 9, and 10.

On May 2, 2005, the Defendant filed a motion for correction or reduction of sentence. The trial court entered an order summarily denying this motion, finding that the Defendant had been sentenced pursuant to a plea agreement and that he had not offered any new information that would warrant a reduction or correction of his sentence.

Thereafter, the record shows that the Defendant sought post-conviction relief on two different occasions. On January 9, 2006, the post-conviction court summarily dismissed the Defendant's first petition for post-conviction relief for failure to assert a colorable claim, finding that the Defendant's sentence was not illegal because it was not outside the range agreed to in the plea and concluding that the Defendant's claim of an illegal sentence did not meet the requirements of the Post-Conviction Procedure Act. On January 24, 2006, the Defendant filed a second petition for post-conviction relief, asking for the court to reconsider its decision. On February 22, 2006, the post-conviction court summarily dismissed this second petition because it had resolved the first petition on the merits and the second petition did not meet any of the circumstances for reopening a post-conviction petition. It appears that the Defendant did not appeal either denial of post-conviction relief.

The Defendant then sought habeas corpus relief on two different occasions. On March 13, 2012, the Defendant filed his first petition for writ of habeas corpus, "alleging that he received a sentence for an offense for which he was not convicted." Id. at *1. He argued that pursuant to his plea agreement, Count 2 was to be dismissed upon his guilty plea to Count 1 and because his judgment form reflected a guilty plea to Count 2 rather than Count 1, his judgment in Count 2 was void. Id. at *1-2. On March 21, 2012, the habeas corpus court entered an order summarily dismissing this petition, holding that the Defendant's sentences had not expired and that the criminal court had jurisdiction to sentence the Defendant. Id. at *1. The court characterized the error in the judgment for Count 2 as a "scrivener's error" that did not void the judgment. Id. at *2. It also held that it had no jurisdiction to treat the petition as one for post-conviction relief. The habeas corpus court ordered the clerk to send a copy of its order to the Rutherford County Circuit Court for a determination of whether a corrected judgment form should be entered. Id. Following entry of the order summarily dismissing his petition, the Defendant timely appealed, arguing that his judgment of conviction in Count 2 was void because his plea agreement stated that Count 2 would be dismissed upon his guilty plea to Count 1. Id.

On April 9, 2012, while the Defendant's appeal of his first denial of habeas corpus relief was pending, the Rutherford County Circuit Court entered a corrected judgment

reflecting that the Defendant entered a guilty plea to Count 1. Id. The State then filed a "Motion to Consider Post-Judgment Facts," requesting that the Court of Criminal Appeals consider the April 9, 2012 corrected judgment on appeal, which this court granted. Id. at n.2.

Thereafter, this court affirmed the habeas corpus court's denial of relief. Id. at *3. It held that while the transcript of the plea submission hearing was not included in the appellate record, the written plea agreement reflected that the Defendant agreed to plead guilty to especially aggravated kidnapping in Count 1 of the indictment, to aggravated robbery in Counts 6 and 7, and to aggravated burglary in Count 8 and that Counts 2, 3, 4, 5, 9, and 10 were to be dismissed. Id. at *2. The court concluded that "the judgment reflecting a conviction for Count 2, rather than Count 1, [wa]s nothing more than a clerical error" subject to correction pursuant to Rule 36 of the Tennessee Rules of Appellate Procedure and that this clerical error was evidenced by the Rutherford County Circuit Court's entry of its corrected judgment on April 9, 2012, which reflected the Defendant's guilty plea to especially aggravated kidnapping in Count 1. Id. Accordingly, this court held that the habeas corpus court did not err in summarily dismissing the petition because the judgment in Count 2 was not void. Id. However, it noted that further corrections were necessary in order to rectify the clerical error in the original judgment of conviction, and it remanded the case to the Rutherford County Circuit Court for entry of corrected judgments "reflecting that Count 2 [wa]s dismissed and that the sentences for the convictions in Counts 6, 7, and 8 run consecutively to the sentence for the conviction in Count 1." Id.

Thereafter, the Petitioner filed a second petition for writ of habeas corpus, this time including both the transcript from his plea submission hearing and his plea agreement and conveniently arguing that his judgment in Count 1 was void because he entered a guilty plea to Count 2 rather than Count 1. Anton Carlton v. State, No. 2012-02449-CCA-R3-CD, 2013 WL 3701911, at *1 (Tenn. Crim. App. July 11, 2013). The habeas corpus court summarily dismissed this petition on the basis that habeas corpus relief was unavailable because the sentences had not expired and because the trial court had jurisdiction to impose the sentences. Id. The Defendant appealed, arguing that because he was convicted of especially aggravated kidnapping in Count 2, his standing conviction in Count 1 pursuant to the April 9, 2012 corrected judgment was void. Id. He also asserted that because Count 1 had been initially dismissed, it could not be resuscitated without violating the principles of double jeopardy. Id. at *1, 3. On appeal, this court noted that the Defendant had essentially raised the same claim as he had in his first habeas corpus appeal. Id. at *2. It then held that it fully agreed with the reasoning set out in this court's first opinion as to this issue, namely that the judgment in Count 1 was not void and that the "anomaly" in the Defendant's judgments was merely a clerical error that had already been fully addressed via Tennessee Rule of Criminal Procedure 36.

- 5 -

Id. It also held that even if it did not agree with the reasoning in this court's first opinion, the law of the case doctrine prevented the court from reconsidering this issue. Id. Finally, the court held that even if the Defendant's claim that Count 1 could not be resuscitated without violating double jeopardy principles had "some viability," this claim was not cognizable in a habeas corpus proceeding. Id. at *3.

On June 19, 2018, the Defendant filed the instant pleading, entitled "Motion for an Amendment of the Judgment to Correct a Clerical Mistake," in the Rutherford County Circuit Court. Although the Defendant claimed in this motion that he was asking the court to amend his judgments pursuant to Tennessee Criminal Procedure Rule 36, which allows for the correction of clerical errors in judgments, the Defendant in fact sought to have his plea agreement set aside so he could begin his case anew. In particular, the Defendant asserted that whenever there is a conflict between the transcript from the plea submission hearing and the judgments of conviction, the transcript controls. Accordingly, he argued that while the transcript from his plea submission hearing showed that the trial court found him guilty of especially aggravated kidnapping in Count 2, the April 9, 2012 corrected judgment erroneously reflected his guilty plea to especially aggravated kidnapping in Count 1. He also claimed that the corrected judgments for Counts 6, 7, and 8 that were entered pursuant to this court's December 13, 2012 opinion[1] in his first habeas corpus appeal were erroneous because they reflected that the sentences in these counts were served consecutively to the sentence in Count 1 rather than Count 2.

The Defendant also argued in this motion that the law of the case doctrine was inapplicable to his case because the December 13, 2012 Court of Criminal Appeals decision was clearly erroneous and would result in a manifest injustice if allowed to stand. See Anton Carlton, 2012 WL 6474542. The Defendant claimed this court's decision was clearly erroneous because (1) the record only included the plea agreement and did not include the transcript from the plea submission hearing, and (2) it relied on the Rutherford County Circuit Court's entry of the April 9, 2012 corrected judgment, which was entered improperly. The Defendant additionally claimed that the original judgments, which were entered on January 24, 2005, became final thirty days later, and the Rutherford County Circuit Court was without jurisdiction to enter its corrected judgment on April 9, 2012. The Defendant asserted that because the Rutherford County Circuit Court lost jurisdiction to amend its judgments after the original judgments became

---

[1] The record shows that although this court remanded the Defendant's case to the Rutherford County Circuit Court "to enter corrected judgments reflecting that Count 2 is dismissed and that the sentences for the convictions in Counts 6, 7, and 8 run consecutively to the sentence for the conviction in Count 1," see Anton Carlton, 2012 WL 6474542, at *2, no corrected judgments for these counts were entered until October 22, 2018, which was after the Defendant filed his notice of appeal in this case. Moreover, as we will explain, the corrected judgment in Count 7 that was entered on October 22, 2018 also contained clerical error.

final, the April 9, 2012 corrected judgment in Count 1 as well as the corrected judgments in Counts 6, 7, and 8 that were entered pursuant to this court's December 13, 2012 decision[2] were "void for lack of subject matter jurisdiction."

Moreover, the Defendant claimed that his negotiated plea agreement could be interpreted "numerous different ways" and that pursuant to his interpretation of the negotiated plea agreement, Counts 6 and 7 were to be served concurrently with one another but consecutively to Count 1 and that Count 8 was to be served consecutively to Counts 6 and 7, which would result in an effective sentence of forty years.[3]  In addition, he claimed that because the plea agreement called for him to be sentenced as a Range I offender, he should have received "a total effective sentence of 40-years [at] 30%," which would make him eligible for parole "after service of 12-years."  The Defendant additionally argued that because the State breached his plea agreement by entering the corrected judgments in Counts 1, 6, 7, and 8,[4] his guilty plea was no longer valid.  For all these reasons, the Defendant asked that his convictions be reversed and that he be restored to the position he held prior to entering his guilty pleas, which "would allow the parties to accept a valid plea, renegotiate or proceed to trial."

On August 3, 2018, the Rutherford County Circuit Court entered its order denying the Defendant's motion for an amendment of the judgment to correct a clerical error.  The court found that the April 9, 2012 corrected judgment for Count 1 corrected the clerical error that was the subject matter of the Defendant's motion and that there was no basis for an amendment of this corrected judgment.  On August 15, 2018, the Defendant filed a timely appeal from this order.

Thereafter, on October 22, 2018, the Rutherford County Circuit Court entered corrected judgment forms in Counts 6, 7, and 8.  In Count 6, the corrected judgment reflected that the sentence of ten years at 30% was served consecutively to the sentence in Count 1.  In Count 7, the corrected judgment form reflected that the sentence of ten years at 30% was served consecutively to Count 1 but curiously did not also reflect that this sentence would be served consecutively to the sentence in Count 6, in accordance with the written plea agreement.  In Count 8, the corrected judgment form reflected that the sentence of five years at 30% was served consecutively to the sentences in "Count 1,

---

[2] Again, we note that the record shows that no corrected judgments for Counts 6, 7, or 8 were entered until October 22, 2018, which was after the Defendant filed his notice of appeal in this case.

[3] In his appellate brief in this case, the Defendant asserts that the October 22, 2018 corrected judgments resulted in an effective sentence of thirty-five years, rather than forty years.

[4] Once again, as of the filing of this motion, the only corrected judgment was the April 9, 2012 corrected judgment in Count 1.  As we have previously noted, the record shows that no corrected judgments for Counts 6, 7, or 8 were entered until October 22, 2018, which was after the notice of appeal of appeal in this case was filed.

6 and 7 of this indictment." These judgment forms, when combined with the April 9, 2012 corrected judgment in Count 1, reflected an effective sentence of forty years rather than fifty years, which was the effective sentence dictated by the plea agreement and the transcript from the plea submission hearing. The same day, an amended order of dismissal was filed, dismissing Counts 2, 3, 4, 5, 9, and 10. This order stated that "[t]his dismissal is not on the merits and is without prejudice.

## ANALYSIS

The Defendant argues that the trial court abused its discretion when it determined that the corrected judgment entered on April 9, 2012, did not contain an oversight or omission. He also contends that the amended judgments of conviction entered on October 22, 2018, resulted in a material breach of his negotiated plea agreement, which invalidated his guilty plea. The State counters that the trial court properly denied the Defendant's Rule 36 motion, that the Defendant's claim fails if his motion is construed as a post-conviction petition or motion to reopen a post-conviction petition, and that the State did not breach the plea agreement. We agree with the State but remand the case to the trial court for entry of new corrected judgments in Counts 6, 7, and 8 and for entry of a new order of dismissal, wherein Counts 2, 3, 4, 5, 9, and 10 are dismissed.

**I. Whether Denial of Defendant's Motion was an Abuse of Discretion.** First, the Defendant contends that the trial court abused its discretion when it denied his motion after determining that the April 9, 2012 corrected judgment did not contain an oversight or omission. He argues that when determining whether a judgment should be corrected based on an "oversight or omission" pursuant to Rule 36, the judgment should be compared to the relevant transcript, and when there is a conflict, the transcript controls. Consequently, he contends that because the plea submission hearing transcript in this case shows that he pled guilty to especially aggravated kidnapping in Count 2, the corrected judgment entered on April 9, 2012, reflecting his guilty plea to Count 1 is erroneous. The Defendant also argues that the law of the case is inapplicable to his case. In addition, he asserts that because the original judgments of conviction became final thirty days after January 24, 2005, and because there is no evidence that there was in fact a clerical mistake in the original judgments, the Rutherford County Circuit Court was without jurisdiction to enter the April 9, 2012 corrected judgment in Count 1. In response, the State contends that the trial court did not abuse its discretion in denying the motion because its holding was based on the Court of Criminal Appeals' opinions in the Defendant's prior habeas corpus appeals. We agree that the trial court did not abuse its discretion in denying the Defendant's motion.

Here, the record shows that the trial court summarily denied the Defendant's "Motion for An Amendment of the Judgment to Correct a Clerical Error." The court

specifically found that a corrected judgment had been entered on April 9, 2012, which corrected the clerical error that was the subject matter of the Defendant's motion, and that there was no basis for an amendment of that corrected judgment.

Tennessee Rule of Criminal Procedure 36 specifically provides that "[a]fter giving any notice it considers appropriate, the court may <u>at any time</u> correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36 (emphasis added). Rule 36 further provides, "Upon filing of the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure." <u>Id.</u> We recognize that "[w]here a trial court fails, by reason of clerical mistake, oversight, or omission, to record a defendant's sentence accurately on a judgment, the trial court maintains the power to correct the clerical error under Rule 36." <u>State v. Brown</u>, 479 S.W.3d 200, 213 (Tenn. 2015). When utilizing Rule 36 to amend judgments of conviction in order to correct an error in sentencing,

> the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing <u>or other papers filed in connection with the proceedings</u> which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

<u>State v. Jack Lee Thomas, Jr.</u>, No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995) (emphasis added). "When there is a conflict between the judgment and the transcript of the trial court's statements, the transcript controls." <u>Brown</u>, 479 S.W.3d at 213 (citing <u>State v. Moore</u>, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). A trial court's ruling on a Rule 36 motion is reviewed under an abuse of discretion standard. <u>State v. Perry Avram March</u>, No. M2018-00660-CCA-R3-CD, 2019 WL 1409354, at *2 (Tenn. Crim. App. Mar. 28, 2019) (citing <u>State v. Tony Arthur Swann</u>, No. E2015-01516-CCA-R3-CD, 2017 WL 2483000, at *2 (Tenn. Crim. App. June 8, 2017)).

After reviewing the entire record in this case, including the written plea agreement and the transcript from the plea submission hearing, it is abundantly clear that the State merely misspoke at the plea submission hearing when it stated that the Defendant was entering a guilty plea to especially aggravated kidnapping in Count 2 rather than Count 1, which resulted in the trial court's entering a judgment of conviction in Count 2. It is also abundantly clear that the terms of the Defendant's plea agreement were that he was

- 9 -

entering guilty pleas to Count 1, Count 6, Count 7, and Count 8 and that all of these sentences would be served consecutively to one another for an effective fifty-year sentence. This conclusion is consistent with the opinions of this court in both of the Defendant's prior habeas corpus appeals. See Anton Carlton, 2012 WL 6474542; Anton Carlton, 2013 WL 3701911. Because the April 9, 2012 corrected judgment in Count 1 is not erroneous, the trial court's summary denial of the Defendant's motion was proper.

The Defendant also contends that the law of the case doctrine is inapplicable to his case because the Rutherford County Circuit Court lacked jurisdictional authority to correct the original judgments pursuant to Rule 36. The Tennessee Supreme Court has explained:

> [U]nder the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. The doctrine applies to issues that were actually before the appellate court in the first appeal and to issues that were necessarily decided by implication. The doctrine does not apply to dicta.

Memphis Publ'g Co. v. Tenn. Petroleum Underground Storage Tank Bd., 975 S.W.2d 303, 306 (Tenn. 1998) (citations omitted); see Creech v. Addington, 281 S.W.3d 363, 383 (Tenn. 2009). However, an issue that was decided in a prior appeal may be reconsidered in the following limited circumstances:

> (1) the evidence offered at a trial or hearing after remand was substantially different from the evidence in the initial proceeding; (2) the prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand; or (3) the prior decision is contrary to a change in the controlling law which has occurred between the first and second appeal.

Memphis Publ'g Co., 975 S.W.2d at 306.

Here, the Defendant contends that circumstance (2), the "manifest injustice" circumstance, applies to his case because this court's decision in the Defendant's first habeas corpus appeal was made without the benefit of the plea submission transcript and was made after erroneously relying on the Rutherford County Circuit Court's entry of the April 9, 2012 corrected judgment. The Defendant specifically claims that "[a]bsent the Rutherford County Circuit Court having any evidence that there was a clerical error on the uniform judgment documents to convey jurisdictional authority to amend the uniform judgment documents, the Court of Criminal Appeals decision that specifically relied upon

the evidence that Rutherford County Circuit Court filed a corrected judgment on April 9, 2012, would be erroneous.

We agree with the State that the Defendant cannot satisfy the "manifest injustice" circumstance. The record shows that the Defendant agreed to pled guilty to Counts 1, 6, 7, and 8 in exchange for a fifty-year sentence. Although the transcript from the plea submission hearing shows that the Defendant was angry that his co-defendant was offered a twenty-five-year sentence for the same crimes, this transcript also shows that the Defendant voluntarily, knowingly, and intelligently entered his guilty pleas pursuant to his plea agreement. See Lane v. State, 316 S.W.3d 555, 562 (Tenn. 2010). In light of the record as a whole, we conclude that the April 9, 2012 corrected judgment in Count 1 does not contain an oversight or omission.

Because the validity of the April 9, 2012 corrected judgment has already been confirmed in both of the Defendant's prior habeas corpus appeals, we conclude that any claims that the corrected judgment in Count 1 is erroneous or that the Rutherford County Circuit Court lacked jurisdiction to enter this corrected judgment are precluded under the law of the case doctrine. The Defendant has failed to show that a prior ruling was clearly erroneous and would result in a manifest injustice if allowed to stand. Accordingly, the Defendant is not entitled to relief on this issue.

**II. <u>Whether State Breached Terms of Plea Agreement.</u>** Next, the Defendant appears to contend that the October 22, 2018 corrected judgments in Counts 6, 7, and 8, which reflected sentences served consecutively to Count 1, resulted in a material breach of his negotiated plea agreement because these corrected judgments were at odds with the transcript from the plea submission hearing, which stated that these sentences would be served consecutively to Count 2. He claims that the October 22, 2018 corrected judgments were entered years after the original judgments became final and that the Rutherford County Circuit Court lacked any jurisdictional authority to amend these judgments pursuant to Rule 36. He also asserts that because the State breached his plea agreement, which rendered his plea involuntary, he is entitled to have his guilty plea set aside or, alternatively, is entitled to the sentence reflected by the October 22, 2018 corrected judgments, which he claims results in an effective thirty-five-year sentence.[5] The State counters that the Defendant may only challenge the voluntariness of his guilty pleas in a post-conviction petition or a motion to reopen a post-conviction petition, and if his motion is so construed, then the Defendant's claim must fail. The State also asserts that the State did not breach the plea agreement. We agree with the State.

---

[5] Our review of the April 9, 2012 corrected judgment in Count 1 and the October 22, 2018 corrected judgments in Counts 6, 7, and 8 reflect an effective sentence of forty years, not thirty-five years.

- 11 -

As an initial matter, the Defendant is not entitled to relief because he is challenging the voluntary nature of his guilty plea, which is not a ground for relief under Rule 36. Moreover, even if we construed his motion as a post-conviction petition or a motion to reopen a post-conviction petition, the Defendant's claim must fail because (1) the Defendant has already filed two post-conviction petitions, (2) the one-year statute of limitations for post-conviction petitions has expired, (3) the Defendant has failed to offer any reasons why this limitations period should be tolled, (4) the Defendant has failed to comply with the requirements for reopening a post-conviction petition, and (5) the Defendant's grounds are insufficient to permit reopening the petition.

In reaching our conclusion, we recognize that the trial court did not have jurisdiction of the Defendant's case at the time it entered the October 22, 2018 corrected judgments and amended order of dismissal because the Defendant had already filed his notice of appeal. We also recognize that there was a clerical error in the October 22, 2018 corrected judgment for Count 7. However, these jurisdictional and clerical issues are easily corrected in this court, and because the record is devoid of any evidence that the State breached the plea agreement, the Defendant is not entitled to relief.

Because the October 22, 2018 corrected judgments and Amended Order of Dismissal are void, we remand this case to the trial court for entry of new corrected judgments in Counts 6, 7, and 8 and for entry of a new amended judgment of dismissal, wherein Counts 2, 3, 4, 5, 9 and 10 are dismissed. We reiterate that based upon the record as a whole, the Defendant received an effective fifty-year sentence in exchange for his guilty pleas to Counts 1, 6, 7, and 8, not an effective forty-year sentence as reflected by the October 22, 2018 corrected judgments.[6] Accordingly, upon remand, the trial court should enter new corrected judgments showing that in Count 6, the Defendant received a ten-year sentence at 30% served consecutively to Count 1; in Count 7, the Defendant received a ten-year sentence at 30% served consecutively to Count 1 and Count 6; and in Count 8, the Defendant received a five-year sentence at 30% served consecutively to Count 1, Count 6, and Count 7, for an effective sentence of fifty years.

## CONCLUSION

Based on the aforementioned authorities and reasoning, we affirm the trial court's denial of the Defendant's motion but remand the case for entry of new corrected

---

[6] Because the October 22, 2018 corrected judgment in Count 7 reflects that the sentence in Count 7 is served consecutively to Count 1, rather than served consecutively to Count 1 and Count 6, the result is an effective sentence of forty years.

judgment forms in Counts 6, 7, and 8 and for entry of a new amended judgment of dismissal, wherein Counts 2, 3, 4, 5, 9, and 10 are dismissed.

_____
CAMILLE R. MCMULLEN, JUDGE