IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2019

## STATE OF TENNESSEE V. GAILOR PAIGE

**Appeal from the Criminal Court for Shelby County**
**No. 17-00415, 17-02933    Chris Craft, Judge**

_____

### No. W2018-02214-CCA-R3-CD

_____

The Defendant, Gailor Paige, entered a negotiated guilty plea to possession with intent to sell heroin and possession of a firearm by a convicted felon with a prior crime of violence. The trial court sentenced the Defendant to consecutive six-year sentences as a Range I offender for each count. The Defendant filed a "petition to suspend the remainder of sentence after 120 day[s]," based upon his completion of four "intense" programs while incarcerated. The trial court summarily denied the request based upon a condition in the negotiated plea agreement that required the Defendant to "waive[ ] his right to later request a petition for suspension of remainder of his sentence." The Defendant appeals, asserting that the trial court erred by denying his request for suspension of the remainder of his sentence. After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Gailor Paige, Memphis, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Clark B. Thornton, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Melanie H. Cox, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

The Defendant appeals the trial court's denial of his request for suspension of his remaining sentence. We gather from the minimal record that the Defendant was indicted in January 2017 for unlawful possession of a controlled substance (heroin) with the intent

to sell and unlawful possession of a controlled substance (heroin) with the intent to deliver. In June 2017, a Shelby County grand jury indicted the Defendant for convicted felon (underlying offense aggravated burglary) in possession of a firearm, theft of property valued over $500, and possession of a controlled substance (marijuana).

By negotiated plea agreement, the Defendant entered a guilty plea to felon in possession of a handgun with a prior crime of violence and unlawful possession of a controlled substance (heroin) with intent to sell. The written plea agreement is included in the record and reflects that the Defendant was to be sentenced to six years for each count, with the sentence to be served in "SCCC," Shelby County Correctional Center. The judgment forms indicate that the two convictions were to run consecutively, and the remaining counts were to be dismissed. On the judgment forms filed April 24, 2018, in the "special conditions" box, there is a notation: "No PSS/No PSRS."

On October 5, 2018, the Defendant filed a "petition to suspend the remainder of sentence after 120 day[s]." On November 26, 2018, the trial court, by order, denied the Defendant's petition. In the order, the trial court found:

> this petition should be denied without a hearing, as an express condition of the [Defendant]'s guilty plea, entered on the judgment of conviction, was that he waived his right to later request a petition for suspension of remainder of his sentence pursuant to Tenn. Code Ann. §40-35-306(c). As this is a statutory right which he waived in open court during his guilty plea voir dire, this court has no jurisdiction to suspend or reduce the petitioner's sentence.

There is no transcript of the guilty plea hearing in the record.

On appeal, the Defendant challenges the trial court's denial, objecting to the trial court's finding that the Defendant waived his right to request a suspended sentence "in open court during his guilty plea." The Defendant contends that, at the guilty plea hearing, the trial court did not "orally order the [Defendant] not to later file a motion to suspend the remainder of sentence" but acknowledges that the trial court did later include "No PSS/No PSRS" in the special conditions box on each of the judgment forms. The Defendant concludes that, because of the trial court's erroneous reference to a waiver in court, the trial court must not have reviewed the plea agreement and sentencing transcript, which he argues constitutes trial court error.

We first note that, while we are cognizant of the fact that Defendant is self-represented in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." *Brown v. Christian*

*Bros. Univ.*, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). As we have explained, parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many *pro se* litigants have no legal training or familiarity with the judicial system. We, however, must also be mindful of the boundary between fairness to a *pro se* litigant and unfairness to the *pro se* litigant's adversary. Thus, the courts must not excuse *pro se* litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)), *no perm. app. filed*.

The Defendant correctly notes that a transcript is controlling when there is a conflict between judgment forms and a transcript of the proceedings. *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991). In this case, the Defendant has not included in the record a transcript of the guilty plea hearing at which the sentences were imposed. An appellant has the duty of preparing a record that conveys a fair, accurate, and complete account of what transpired in the trial court with respect to the issues that form the basis of the appeal. Tenn. R. App. P. 24(b). In the absence of a complete record, this court is precluded from reviewing any issues raised by an appellant and must presume the trial court's findings were correct. *See State v. Troutman*, 979 S.W.2d 271 (Tenn. 1998) (holding that failure to include trial transcript on appeal waived challenge to sentence); *State v. Ballard*, 855 S.W.2d 557 (1993) (holding failure to include transcript precludes appellate review); *State v. Oody*, 823 S.W.2d 554 (Tenn. Crim. App. 1991) (holding trial court's ruling presumed correct in absence of an adequate record on appeal). Without the transcript of the sentencing hearing, we must presume that the trial court correctly dismissed the Defendant's petition.

Accordingly, based on the above mentioned reasoning and authorities, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

- 3 -