IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
November 9, 2021 Session

## STATE OF TENNESSEE v. QUINTON DESHAWN MOSTELLA

**Appeal from the Circuit Court for Maury County**
No. 25473      Stella L. Hargrove, Judge

_____

### No. M2020-01474-CCA-R3-CD

_____

In 2019, the Defendant, Quinton Deshawn Mostella, pleaded guilty to facilitation of first degree murder. The trial court imposed a twenty-two-year sentence to be served consecutively to the Defendant's sentence in a 2009 case. The Defendant subsequently filed a motion to correct the 2019 judgment contending that the judgment did not reflect 714 days of pretrial jail credit. The trial court granted the motion, awarding the Defendant pretrial jail credit and amending his sentence to run concurrently to his 2009 sentence. On appeal, the State contends that the trial court lacked the jurisdiction to amend the Defendant's judgment and sentence. After a thorough review of the record and applicable law, we reverse and vacate the trial court's amended judgment.

**Tenn. R. App. 3 Appeal as of Right; Amended Judgment of the Circuit Court
Reversed and Vacated**

ROBERT W. WEDEMEYER, J., delivered the opinion of the Court, in which ROBERT L. HOLLOWAY, JR. and J. ROSS DYER, JJ., joined.

A. Colbrook Baddour, Pulaski, Tennessee, for the appellee, Quinton Deshawn Mostella.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Senior Assistant Attorney General; Ronald L. Coleman, Assistant Attorney General; Brent C. Cooper, District Attorney General; Kyle E. Dodd and Jude Santana, Assistant District Attorneys General, for the appellant, State of Tennessee.

### OPINION

### I. Background and Facts

This case arises from the May 3, 2009 shooting death of the victim, twenty-two-

year old Natasia Mosely. The Defendant and a co-defendant offered the victim a ride home one evening, and the victim was later found dead. At the time of the May 2009 murder, the Defendant was released on bail and awaiting the disposition of four separate drug offenses from 2008. On August 4, 2009, the Defendant pleaded guilty to all four drug offenses and received a total effective sentence of eleven years, with a thirty percent release eligibility, to be served in the Tennessee Department of Correction ("2009 sentence"). On January 30, 2017, for his role in the May 2009 murder, a Maury County grand jury indicted the Defendant for first degree murder and facilitation of first degree murder. In 2019, the Defendant pleaded guilty as a Range I offender to facilitation of first degree murder, with the sentence and manner of service to be determined by the trial court at a sentencing hearing. As part of his plea agreement, the State dismissed the first degree murder charge. A recitation of facts upon which the guilty plea was accepted is not included in the record, however, the following stipulation of facts was submitted at the sentencing hearing:

> 1) That the Defendant[] was not in actual and/or constructive possession of the firearm believed to be used in the commission of the murder of [the victim];
> 2) That co-defendant Christopher Johnson (who was leaving the Down Low in a vehicle driven by Defendant []), had a prior romantic relationship with [the victim], and offered to give [the victim] a ride from the Down Low on the night she was killed;
> 3) That Defendant [] did not ask or otherwise direct co-defendant Christopher Johnson to offer to give [the victim] a ride on the night she was killed, or otherwise get her in the vehicle;
> 4) While the State's proof would show that the Defendant[] transported [the victim] to the American Legion Post 107 (the crime scene) on the night she was killed, the States [sic] proof would also show that [the Defendant] was not present at the crime scene when [the victim] was shot;
> 5) That co-defendant Christopher Johnson would testify that he was visited the day following [the victim's] murder by two people to discuss the murder and cover-up. That codefendant Carlton Calloway would testify that he was one of the two people, and that [the] Defendant [] was not.

At a sentencing hearing, the trial court admitted the presentence report as evidence. The victim's mother and sixteen-year-old daughter testified about the impact of the victim's death on their lives. The Defendant apologized for their loss. The parties agreed that the Defendant's sentence in the present case was required to run consecutively to his 2009 sentence, as he was released on bail when this subsequent offense occurred. At the close of the hearing, the trial court stated that it had considered all of the appropriate purposes and principles of sentencing and imposed a twenty-two-year sentence to be served consecutively to his 2009 sentence. The judgment was entered on January 18, 2019. The Defendant had served approximately nine-and-a-half years of his 2009 sentence at this point.

On June 3, 2020, the Defendant, *pro se*, filed a motion, pursuant to Tennessee Rule of Criminal Procedure 36, to correct the 2019 judgment to receive jail credit. He contended that he was entitled to 714 days of pretrial jail credit from February 1, 2017 to January 18, 2019 (when the judgment in this case was entered). The Defendant did not make any contention related to the consecutive service of his sentence. The State responded that the Defendant was not entitled to jail credit, as he was serving his 2009 sentence during the time period he contends he was eligible for jail credit.

On October 5, 2020, the trial court entered an amended judgment ordering that the Defendant's 2019 sentence run concurrently with his 2009 sentence and awarding the Defendant 714 days of jail credit. It is from this judgment that the State now appeals.

## II. Analysis

The State argues on appeal that the trial court lacked the jurisdiction to amend the judgment in this case after the judgment became final thirty days from January 18, 2019. The State contends that "no clerical error" existed upon which the trial court could amend the judgment to award him jail credit. The State also notes that the Defendant did not challenge the imposition of consecutive sentencing in his Rule 36 motion, and the State notes that the Defendant's sentence was mandated to be served consecutively to his 2009 sentence, as he was released on bail in May 2009 when he committed the facilitation of murder offense. *See* Tenn. R. Crim. P. 32(c)(3). The Defendant responds that the record in this case "lacks any reference to the point in time when the original judgment was entered on the minutes of the [trial court]." He argues that a judgment is not final "until entered on the minutes of the [trial court]." The Defendant further contends that the trial court's award of pretrial jail credits was done at its discretion and that the record is not clear as to the basis of the decision to do so. The State responds that the effective date for the entry of a judgment is the date of its filing with the court clerk as shown by the file stamp date. We agree with the State as to all contentions.

A judgment of conviction becomes final thirty days after its entry unless a timely notice of appeal or posttrial motion is filed. *State v. Pendergrass*, 937 S.W.2d 834, 837 (Tenn. 1996). This court has repeatedly held that the time period for certain filings begins to run from the date the uniform judgment document is stamp filed with the court clerk. *See State v. Gary Carr*, No. W2016-01525-CCA-R3-CD, 2017 WL 2493687, at *2 (Tenn. Crim. App., at Jackson, June 6, 2017) (citing *State v. Stephens*, 264 S.W.3d 719, 729 (Tenn. Crim. App. 2007)), *no perm. app. filed*. Once a judgment becomes final, a trial court loses jurisdiction to amend it except under certain circumstances. *See Pendergrass*, 937 S.W.2d at 837 (citing *State v. Moore*, 814 S.W.2d 381, 382 (Tenn. Crim. App. 1991)); *see* Tenn. R. Crim. P. 35 (motion for reduction of sentence), 36 (correction of clerical errors), 36.1 (correction of illegal sentences).

3

Under Tennessee Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Failure to award pretrial jail credits is a clerical error. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015). The appropriate avenue for relief when a trial court has failed to award pretrial jail credits would be to seek correction of a clerical mistake pursuant to Tennessee Rule of Criminal Procedure 36. *Anderson v. Washburn*, No. M2018-00661-SC-R11-HC, 2019 WL 3071311, at *2 (Tenn. June 27, 2019).

Regarding the Defendant's jail credit, the Defendant contends he is entitled to jail credit from February 2017 until January 2019. The record indicates that he was serving his eleven-year 2009 sentence during that time period. As such, the State contends that the Defendant was not entitled to any jail credit from that time period, and thus, no clerical error existed on the 2019 judgment, which did not award him jail credit. We agree and conclude that, as no clerical error existed, the trial court was without jurisdiction to amend the Defendant's judgment.

We conclude that the trial court similarly lacked the jurisdiction to amend the Defendant's sentence to be served concurrently with his 2008 sentence. The Defendant did not assert, pursuant to Rule 36.1, the imposition of an illegal sentence sufficient upon which the trial court would have the jurisdiction to amend the sentence. Further, the Defendant's sentence was mandated, pursuant to Tennessee Rule of Criminal Procedure 32(c), to be served consecutively to his prior sentence, as he was released on bond when he committed the present crime. *See* Tenn. R. Crim. P. 32(c)(3)(C) (stating that a defendant who has additional sentences not yet fully served shall have mandated consecutive sentences when the defendant is convicted of an additional offense committed while released on bail.) The amended judgment is therefore void.

## III. Conclusion

After a thorough review of the record and relevant authorities, the trial court's amended judgment is reversed and vacated.

_____
ROBERT W. WEDEMEYER, JUDGE