IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 1, 2022

**STATE OF TENNESSEE v. ERIC DEWAYNE WALLACE**

**Appeal from the Criminal Court for Shelby County
Nos. 95-03054, 95-03055   J. Robert Carter, Jr., Judge**

_____

**No. W2021-00540-CCA-R3-CD**

_____

A jury convicted the Defendant, Eric Dewayne Wallace, of first degree felony murder and attempted first degree murder for offenses committed in 1992, and he was sentenced to consecutive terms of life imprisonment and fifteen years.  After discovering in 2021 that the Defendant was mistakenly assigned 1,174 days of pretrial jail credit and 312 days of behavior credit to both convictions, the trial court entered an order and corrected judgment for the conviction for attempted first degree murder, removing the credits to correct a clerical error under Tennessee Rule of Criminal Procedure 36.  On appeal, the Defendant challenges the trial court's order on the basis that it abused its discretion, violated his due process rights and the prohibitions against double jeopardy, and failed to comply with Rule 17 of the Rules of the Tennessee Supreme Court and Tennessee Code Annotated section 40-35-209.  After review, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JILL BARTEE AYERS, JJ., joined.

Eric Dewayne Wallace, Henning, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Amy P. Weirich, District Attorney General; and Leslie Byrd, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of July 10, 1992, the Defendant and his brother, Mr. Percy Wallace, were involved in the shooting death of Ms. Venita Swift and in the attempted shooting of Mr. Jimmy Weddle when a drug exchange turned violent. *State v. Eric D. Wallace*, No. 02-C-01-9604-CR-00125, 1997 WL 421011, at *1-2 (Tenn. Crim. App. July 28, 1997). Following a jury trial, the Defendant was convicted of first degree felony murder (case no. 95-03054) and attempted first degree murder (case no. 95-03055) for his role in the offenses. *Id.* at *1. The trial court imposed consecutive sentences of life imprisonment for first degree felony murder and fifteen years for attempted first degree murder. *Id.* Although the judgment forms appended to the Defendant's motion in this case are almost entirely illegible, it is undisputed that he was awarded 1,174 days of pretrial jail credits and 312 days of behavior credits ("the credits") in both cases for time served prior to sentencing. *See Eric D. Wallace v. Tony Parker, et. al.*, No. M2019-01044-COA-R3-CV, 2021 WL 861773, at *1 (Tenn. Ct. App. Mar. 8, 2021), *no perm. app. filed*. On direct appeal, this court affirmed the Defendant's convictions and sentences. *Eric D. Wallace*, 1997 WL 421011, at *1. Following direct appeal, the Defendant made numerous unsuccessful post-judgment attacks on his convictions on grounds unrelated to the present appeal. *See Eric Dewayne Wallace v. State*, No. W2017-00690-CCA-R3-HC, 2017 WL 6550624, at *1 (Tenn. Crim. App. Dec. 22, 2017) (citing cases).

Sometime after entry of the judgments, the Tennessee Department of Correction ("TDOC") applied the credits to the Defendant's sentence and calculated his release eligibility date ("RED") for his life sentence to be September 30, 2019, and the RED for his consecutive, fifteen-year sentence to be March 31, 2024. *Eric D. Wallace*, 2021 WL 861773, at *1. The Defendant then filed a petition for writ of habeas corpus claiming that he was being illegally detained because his fifteen-year sentence for attempted first degree murder in case number 95-03055 had expired. *Eric Dewayne Wallace*, 2017 WL 6550624, at *1. Specifically, he claimed that he was entitled to the credits awarded in the judgment form and that the TDOC had failed to apply the credits toward his RED. *Id.* The habeas corpus court denied the Defendant's petition, and on appeal, a panel of this court affirmed the habeas corpus court's decision on the basis that the Defendant's sentence was not expired, that challenges to the TDOC's calculation of release eligibility based on the application of the credits should be brought pursuant to the Uniform Administrative Procedures Act, and that the Petitioner was not entitled to the credits for time served on both sentences because the sentences were to be served consecutively. *Id.* at *2-3.

- 2 -

At some point, the Defendant petitioned the TDOC for a recalculation of his RED, claiming that the TDOC failed to apply the credits to both sentences. *Eric D. Wallace*, 2021 WL 861773, at *1. After the TDOC denied his petition, the Defendant filed a Petition for Declaratory Judgment in the Davidson County Chancery Court on July 24, 2018. *Id.* Meanwhile, on April 9, 2019, the criminal court entered a corrected judgment form, removing the credits from the Defendant's fifteen-year sentence in case number 95-03055, such that the credits only applied to his life sentence in case number 95-03054. *Id.* In a 2019 appeal to this court and while the civil petition was pending, the Defendant challenged the entry of the April 2019 corrected judgment form. *See State v. Eric D. Wallace*, No. W2019-01140-CCA-R3-CD, 2020 WL 6317111, at *1 (Tenn. Crim. App. Oct. 28, 2020). A panel of this court dismissed the Defendant's appeal because the record was inadequate for review and because the Defendant also had a civil case pending regarding the calculation of the credits. *Id.* at *2 (citing *Eric D. Wallace*, 2021 WL 861773). In the time since our decision to dismiss the Defendant's appeal, the Court of Appeals issued an opinion affirming the chancery court's grant of summary judgment denying the Defendant's civil petition. *Id.* at *3.

On April 21, 2021, the Defendant filed the present motion to correct a clerical error challenging the April 2019 entry of corrected judgment in case number 95-03055 and requesting that the credits be reissued. The Defendant contended that the entry of the corrected judgment was improper because it was not properly amended by a handwritten notation made on the original judgment, that no party requested relief under Rule 36 to give the trial court jurisdiction, that he was denied due process because he was not given notice and there was no record made to document the correction, and that the sentence without the credits was illegal under Tennessee Rule of Criminal Procedure 36.1. He attached copies of the original judgment forms and the corrected judgment form in support of his motion. In response, the State filed a motion to dismiss in which it argued that the Petitioner was not entitled to relief. The State conceded that the corrected judgment was improperly entered because the clerk of court rather than the trial court made the notation on the judgment form and entered the corrected judgment. However, the State contended that the correction itself was proper and requested that the trial court enter a corrected judgment form reflecting that the Defendant was not entitled to the credits.

The trial court issued an order on May 4, 2021, finding that after sentencing the criminal court clerk noted the credits on the judgment forms. However, at a later time, the clerk made a handwritten notation on the back of the original judgment form in case number 95-03055 removing the credits "'pursuant to *Sledge v. State of Tennessee* ruling.'" (emphasis altered). The court found that the procedure attempted by the clerk was improper and that the trial court should resolve disputes concerning the credits. The trial court entered an order denying the Defendant's motion and granting the State's

motion to dismiss. The court also entered a corrected judgment form in case number 95-03055 removing the credits. The Defendant appeals from the trial court's decision.

## ANALYSIS

On appeal the Defendant contends that the trial court abused its discretion because the clerk of court had no jurisdiction to correct the judgment forms in April 2019, that the trial court's correction of the judgment forms violated due process because his sentence had expired before the corrected judgment was entered, that the delay in correcting the judgment form violated the prohibition against double jeopardy, and that the trial court's correcting of the judgment form did not comply with Rule 17 of the Rules of the Tennessee Supreme Court or Tennessee Code Annotated section 40-35-209. The State responds that the Defendant's claim regarding the credits has already been decided by the Court of Appeals in *Eric D. Wallace*, 2021 WL 861773 at *3, that the trial court properly corrected the judgment form to correct a clerical error, that the Defendant waived the due process and double jeopardy claims by failing to raise them below, and that any error committed by the clerk in correcting the judgment form in April 2019 was cured by the trial court's May 2021 corrected judgment. We conclude that the Petitioner is not entitled to relief.

Insofar as the Defendant challenges the trial court's decision to correct a clerical error in the judgment, Tennessee Rule of Criminal Procedure 36 provides in relevant part that "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statements." *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). "We review a trial court's ruling on a Rule 36 motion under an abuse of discretion standard." *State v. Jeffery Siler*, No. E2020-00468-CCA-R3-CD, 2020 WL 6130919, at *3 (Tenn. Crim. App. Oct. 19, 2020), *perm. app. denied* (Tenn. Feb. 4, 2021) (citing *Marcus Deangelo Lee v. State*, No. W2013-01088-CCA-R3-CO, 2014 WL 902450, at *3 (Tenn. Crim. App. Mar. 7, 2014)). "'A defendant incarcerated prior to trial who receives consecutive sentences is only allowed pre-trial jail credits to be applied toward the first sentence.'" *Timothy L. Dulworth v. Henry Steward, Warden*, No. W2012-00314-CCA-R3-HC, 2012 WL 2742210, at *2 (Tenn. Crim. App. July 9, 2012) (citing *Marvin Rainer v. David G. Mills*, No. W2004-02676-CCA-R3-HC, 2006 WL 156990, at *5 (Tenn. Crim. App. Jan. 20, 2006)).

The Defendant maintains that he is entitled to the credits in both convictions. However, as we previously concluded in affirming the denial of the Defendant's request

for habeas corpus relief, the Defendant was not entitled to the same credits in case number 95-03055 having already been awarded the credits in case number 95-03054. *See Eric Dewayne Wallace*, 2017 WL 6550624, at *3. The Court of Appeals also concluded in its decision concerning the credits that the trial court properly corrected the judgment to remove the credits in case number 95-03055 in order to cure a clerical error. *Eric D. Wallace*, 2021 WL 861773 at *3. The Defendant has not shown that the trial court improperly found that the award of the credits in case number 95-03055 was a clerical error.

Turning to the Defendant's remaining arguments, the Defendant contends that the trial court's entry of the May 2021 corrected judgment violated his due process rights because his sentence was expired by the time the credits were removed.[1] The State responds that this argument is waived because the Defendant did not raise this claim below. We agree with the State because "[i]ssues raised for the first time on appeal are considered waived." *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996). We also conclude that this argument is waived because the appellate record fails to establish that the Defendant's sentence was expired. *See* Tenn. R. App. P. 24(b); Tenn. Ct. Crim. App. R. 10(b); *See also State v. Ivy*, 868 S.W.2d 724, 728 (Tenn. Crim. App. 1993) ("In the absence of a record adequate for review, this court must presume that the trial judge ruled correctly."). The Defendant also argues that the trial court's delay in correcting the judgment form violated the prohibitions against double jeopardy. This argument is waived because the Defendant did not raise this argument in his motion below and the Defendant failed to support this argument in his brief with legal authority. *See* Tenn. R. App. P. 24(b); Tenn. Ct. Crim. App. R. 10(b)*; see also Johnson*, 970 S.W.2d at 508.

Finally, the Defendant claims that in entering the May 2021 corrected judgment form the trial court did not comply with Rule 17 of the Rules of the Tennessee Supreme Court or Tennessee Code Annotated section 40-35-209. Rule 17 generally provides for a Uniform Judgment Document to be used by Tennessee courts and requires that the document should contain the information in section 40-35-209(e). The Defendant references subsections of 40-35-209(e) requiring the judgment form to list the type of offense charged and convicted and the sentence imposed, the Defendant's social security number, and the Defendant's date of birth. We note that the information required by the statute is included in the corrected judgment form entered by the trial court, except that

---

[1] We note that the Defendant attached to his appellate brief a "TOMIS OFFENDER SENTENCE LETTER." However, we decline to consider this documentation because it is not in the appellate record. *See Ricky Flamingo Brown, Sr., v. State*, No. M2002-02427-CCA-R3-PC, 2003 WL 21362197, at *2 (Tenn. Crim. App. June 13, 2003) (supporting documentation attached to the petitioner's appellate brief that was not included in the appellate record could not be considered on appeal); *see also* Tenn. R. App. P. 28(a).

the Defendant's year of birth is listed as 1997, five years after he committed the crimes underlying this case.  An incorrect date of birth is a clerical error which the Defendant can move to correct under Rule 36 but does not amount to a violation of the statute such as to require relief here.  He has otherwise failed to show that any error in the contents of the judgment form render the trial court's decision an abuse of discretion.  Therefore, he is not entitled to relief.

## CONCLUSION

Based upon the foregoing reasons, we affirm the judgment of the trial court.

_____
JOHN EVERETT WILLIAMS, PRESIDING JUDGE