IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs November 12, 2025

**STATE OF TENNESSEE v. BILLY J. HANCOCK**

**Appeal from the Criminal Court for Putnam County**
**No. 11-0125  Wesley Bray, Judge**

_____

**No. M2025-00330-CCA-R3-CD**

_____

Billy J. Hancock, Defendant, was convicted of first degree premeditated murder, felony murder, especially aggravated kidnapping, and abuse of a corpse. *State v. Hancock*, No. M0212-02307-CCA-R3-CD, 2014 WL 7006969, at *1 (Tenn. Crim. App. Dec. 12, 2014), *perm. app. denied* (Tenn. May 14, 2015).  His convictions were affirmed on appeal. Defendant filed a pro se motion to correct a clerical error pursuant to Tennessee Rule of Criminal Procedure 36 on January 30, 2025, in which he argued that the trial court committed a clerical error by checking the "T.D.O.C." box on the judgment form and by ordering his sentence to be served as a "100 percent violent offender."  The trial court denied the motion, finding that Defendant failed to state a colorable claim.  Defendant appealed.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

TIMOTHY L. EASTER, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Billy J. Hancock, Pro Se, Wartburg, Tennessee.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Bryant Dunaway, District Attorney General; and Mark Edward Gore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Defendant was convicted at a jury trial of first degree premediated murder, felony murder, especially aggravated kidnapping, and abuse of a corpse for the August 2008 brutal killing of the victim. *Id.*  The trial court merged the first degree premeditated murder and

felony murder convictions, and the jury imposed a sentence of life without the possibility of parole. *Id.* The trial court also sentenced Defendant to twenty years for the especially aggravated kidnapping conviction and two years for the conviction for abuse of a corpse, ordering the two-year sentence to be served consecutively to the sentence of life without parole but concurrently with the twenty-year sentence. On appeal, Defendant challenged an evidentiary ruling of the trial court and a jury instruction. His convictions were affirmed and the supreme court denied permission to appeal. *Id.*

In January of 2025, Defendant filed a pro se motion to correct clerical error pursuant to Tennessee Rule of Criminal Procedure 36. In the motion, Defendant argued that the trial court "erroneously checked the box next to T.D.O.C. and ordered [Defendant] to serve his life without parole sentence in the department" and erred by ordering the sentence for first degree murder be served "as a 100 percent violent offender" pursuant to Tennessee Code Annotated section 40-35-501(i). To his motion, Defendant attached the judgment of conviction for his first degree murder conviction, a copy of *State v. Pimental*, No. M2023-00599-CCA-R3-CD, 2024 WL 712988 (Tenn. Crim. App. Feb. 21, 2024), *no perm. app. filed*, and a copy of *State v. Douglas*, No. W2020-01012-SC-R11-CD, 2023 WL 2362749 (Tenn. Feb. 28, 2023) (order).

The State filed a response opposing the motion. The trial court denied the motion without a hearing, finding that Petitioner failed to state a colorable claim. Specifically, the trial court found that Defendant's sentence of life without parole is a "specific determinate sentence to be served in the department of correction" and that a sentence of life without parole "clearly means that the defendant will serve 100 percent of his life in prison." Defendant filed a timely notice of appeal.

*Analysis*

Defendant argues that the trial court erred by denying his motion to correct a clerical error. The State argues that the trial court properly denied Defendant's motion. We agree with the State.

Clerical errors are errors in a defendant's judgment form that "arise simply from a clerical mistake in filling out the uniform judgment document." *Cantrell v. Easterling*, 346 S.W.3d 445, 449 (Tenn. 2011). Tennessee Rule of Criminal Procedure 36 provides an avenue by which the State, the defendant, or the court may correct clerical errors in a judgment form. It provides,

> After giving any notice it considers appropriate, the court may at any time
> correct clerical mistakes in judgments, orders, or other parts of the record,
> and errors in the record arising from oversight or omission. Upon filing of

the corrected judgment or order, or upon the court's denial of a motion filed pursuant to this rule, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36. "To determine whether a clerical error has been made, a court ordinarily must compare the judgment with the transcript of the trial court's oral statement. *State v. Brown*, 479 S.W.3d 200, 213 (Tenn. 2015) (citing *State v. Moore*, 814 S.W.2d 381, 383 (Tenn. Crim. App. 1991)). A trial court's grant or denial of a Rule 36 motion to correct a clerical error is reviewed for an abuse of discretion. *Lee v. State*, No. W2013-01088-CCA-R3-CD, 2014 WL 902450, at *3 (Tenn. Crim. App. March 7, 2014), *no perm. app. filed*. "A trial court abuses its discretion when it applies incorrect legal standards, reaches an illogical conclusion, bases its ruling on a clearly erroneous assessment of the proof, or applies reasoning that cause an injustice to the complaining party." *State v. Phelps*, 329 S.W.3d 436, 443 (Tenn. 2010).

Defendant asserts two clerical errors for which he seeks correction. First, Defendant claims that his judgment form "contains a clerical mistake [because the trial] court erroneously checked the box next to T.D.O.C. [a]nd ordered [Defendant] to serve his life without parole sentence in [TDOC]." Defendant claims that checking this box was a mistake because life without parole is "not a sentence the legislature identified to be served in the department of correction." Second, Defendant argues that the trial court "committed an additional clerical mistake by ordering that [his] sentence for first degree murder be served as a 100 percent violent offender[,]" citing without argument *State v. Douglas*, 2023 WL 2362749. However, we find that the trial court did not abuse its discretion by denying Defendant's motion because Defendant failed to show that a clerical mistake occurred in "filling out the uniform judgment form." *See Cantrell*, 346 S.W.3d at 449. Defendant is not entitled to relief.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court.

*S/Timothy L. Easter*
TIMOTHY L. EASTER, JUDGE